■ RITA SCHMITT et al., Appellants, v HICKSVILLE UFSD No. 17 et al., Respondents. [606 NYS2d 761] —In an action, *inter alia,* to recover damages for breach of contract, negligence, age discrimination, and violation of civil rights, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Kutner, J.), dated April 2, 1991, which, upon granting the

defendants' separate motions for summary judgment, dismissed the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Rita Schmitt was employed by the defendant Hicksville UFSD No. 17 as a teacher from 1962 until January 24, 1987. In October of 1985, the defendant Carol Bentsen, the principal of the school, allegedly began harrassing Schmitt with the purpose of forcing her to retire. In order to avoid further harrassment, and allegedly upon the advice of her union representative, the defendant Robert Pownall, Schmitt submitted an "intent to retire" letter in May of 1986, which she believed served the purpose of informing the defendants of her intention to retire in the future without stating a firm commitment to a specific retirement date. The Hicksville Board of Education (hereinafter the Board), which accepted the "intent to retire" letter as Schmitt's resignation, effective January 24, 1987, claimed that the accepted resignation was not revocable.

As a result of her allegedly forced early retirement, Schmitt claims, *inter alia,* that she was deprived of a $15,000 retirement incentive bonus which was part of the new teachers' employment contract adopted after the Board accepted Schmitt's resignation.

The plaintiffs brought this action to recover damages against members of the administration of the Hicksville school district and members of the local teachers union for harrassment and misconduct, and for reinstatement of Schmitt in her teaching position so that she would be eligible for the $15,000 retirement incentive bonus.

In order to establish a claim for breach of the duty of fair representation in violation of Civil Service Law § 209-a (2), it is necessary to show that the union's conduct was arbitrary, discriminatory, or in bad faith *(see, Smith v Sipe,* 67 NY2d 928; *see also, Matter of Garvin v New York State Pub. Empl. Relations Bd.,* 168 AD2d 446; *Matter of Civil Serv. Empls. Assn. v Public Empl. Relations Bd.,* 132 AD2d 430, *affd* 73 NY2d 796). Here, Rita Schmitt testified that the union and its agents had not acted dishonestly toward her, and had not acted with the intent to hurt her. Moreover, the record is clear that the union representative's advice to her, while incorrect, was reasonably based upon his previous experience in the union and the information available to him at the time.

Therefore, there is no indication that such conduct was either arbitrary or in bad faith.

Further, absent a showing of fraud, duress, coercion, or other affirmative misconduct on the part of school officials which renders a resignation involuntary, a resignation cannot be withdrawn once it has been accepted by school authorities *(see, Matter of Gould v Board of Educ.,* 184 AD2d 640, *revd on other grounds* 81 NY2d 446; *see also, Matter of Girard v Board of Educ.,* 168 AD2d 183; *Matter of Cannon v Ulster County Bd. of Coop. Educ. Servs.,* 155 AD2d 846; *Matter of Sherman v Board of Educ.,* 88 Misc 2d 661). The record does not support Schmitt's contention that the School District administrators violated the terms of the collective bargaining agreement, or engaged in tactics designed to force her to resign. Moreover, there is insufficient evidence to create a triable issue as to whether the administrators discriminated against her on the basis of her age *(see,* Executive Law § 296 [3-a] [a]; *see also, Matter of Comfort v New York State Human Rights Appeal Bd.,* 101 AD2d 663). Mangano, P. J., Balletta, Santucci and Hart, JJ., concur.