■ In the Matter of MARIA T. BIEGEL, Appellant, v BOARD OF EDUCATION OF ELLENVILLE CENTRAL SCHOOL DISTRICT, Respondent. [621 NYS2d 709] —Crew III, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered February 22, 1994

in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for reinstatement to her position as a probationary teacher.

Petitioner was employed by respondent as a probationary teacher at Ellenville Central School, effective September 1, 1992. In April 1993, petitioner was informed by her principal that respondent's Superintendent of Schools was not going to recommend her for a tenured appointment and that she would be discharged as of June 30, 1993. In order to avoid mention of her termination in her personnel file, petitioner tendered her resignation by letter dated May 5, 1993, effective June 30, 1993. Respondent accepted petitioner's resignation at its meeting on May 11, 1993. Thereafter, petitioner requested respondent to reconsider its acceptance of her resignation, which respondent did at its meeting on May 26, 1993 and decided to adhere to its acceptance of her resignation. Petitioner then commenced the instant CPLR article 78 proceeding seeking reinstatement to her position as a probationary teacher. Supreme Court dismissed the petition and this appeal ensued.

As a probationary teacher, petitioner was subject to discharge, with or without cause, at any time during her three-year probationary period (see, Education Law § 2573 [1] [a]; Matter of Venes v Community School Bd., 43 NY2d 520, 525). In notifying petitioner that she would be discharged, respondent was informing petitioner of an action which it had a legal right to take and, contrary to petitioner's assertion, such notification did not constitute duress (see, Matter of Roman v Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs., 98 AD2d 835, lv denied 61 NY2d 608). Furthermore, petitioner's assertion, even if true, that the principal's statement that if she voluntarily resigned such action would prevent any reference of her discharge in her personnel file, cannot be considered coercive inasmuch as it was an accurate statement.

We also reject petitioner's contention that she should have been informed of her right to notice and rebuttal under Education Law § 3031. Petitioner's letter of resignation obviated respondent's duty of notification under that section because it applies to, inter alia, probationary teachers whose services are to be discontinued by the employing school board. Petitioner's resignation rendered unnecessary respondent's review of the recommendation to discontinue her services and the concomitant duty of notification pursuant to Education Law § 3031.

Finally, we reject petitioner's contention that respondent breached the contractual provisions of the collective bargaining agreement with the Ellenville Teachers Association. Absent a breach of the duty of fair representation by the union, which petitioner does not assert, an individual teacher may not bring suit to enforce the provisions of a collective bargaining agreement (see, Goosley v Binghamton City School Dist. Bd. of Educ., 101 AD2d 942).

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.