■ JOHN TOMLINSON, Respondent, v BOARD OF EDUCATION OF THE LAKELAND CENTRAL SCHOOL DISTRICT OF SHRUB OAK et al.,

Appellants. [636 NYS2d 855] —In an action, *inter alia,* to recover damages for breach of a collective bargaining agreement, the defendants appeal from an order of the Supreme Court, Westchester County (Silverman, J.), entered August 31, 1994, which granted the plaintiff's motion for partial summary judgment on the question of whether he had standing to bring the action, and denied the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the complaint is dismissed.

It is well settled that where "an employer and a union enter into a collective bargaining agreement that creates a grievance procedure, an employee subject to the agreement may not sue the employer directly for breach of that agreement but must proceed * * * in accordance with the contract" *(Matter of Board of Educ. v Ambach,* 70 NY2d 501, 508, *cert denied sub nom. Margolin v Board of Educ.,* 485 US 1034). The employee only may sue the employer directly for breach of the collective bargaining agreement if the agreement grants the employee that right or if the Union fails to fulfill its duty of fair representation. There is no allegation that the Union has failed to fulfill its duty of fair representation.

The grievance procedure set forth in the collective bargaining agreement provides that if the employee is dissatisfied with the initial disposition of the grievance at Step 1 of the grievance procedure, "the employee may present the grievance to the Union". "If the Union approves the further processing of the grievance", the Union may proceed to Step 2 and Step 3 of the grievance procedure. Then, "[i]f the Union is not satisfied with the disposition of the grievance at Step 3", it may submit the grievance to arbitration. Thus, after Step 1 of the grievance procedure, the Union, not the employee, has full control over whether to proceed further.

The collective bargaining agreement provides that the decision of the arbitrator: "shall be advisory only. If the arbitrator's award is accepted by the parties hereto, the award shall be final and binding with regard to all parties affected thereby. In the event that either of the parties hereto fails to accept the award of the arbitrator then any party affected shall be free to pursue any remedy available under law".

Here the Union proceeded to arbitration, but the defendants rejected the arbitrator's decision. The plaintiff contends that once the arbitrator's decision was rejected, he had the right, as a "party affected", to commence the instant action against his

employer. However, the term "party", in the context of a contract, means those with whom the "contract is actually made or entered into" (Black's Law Dictionary 1119 [6th ed 1990]). The parties to the contract were the Union and the employer, and not the plaintiff employee. If the parties to the contract intended to permit any *person* affected to pursue legal remedies, they easily could have so provided.

Further, the plaintiff's interpretation of the collective bargaining agreement conflicts with the clear intent of the agreement to give the Union full control over which grievances may be pursued beyond Step 1 of the grievance procedure.

Accordingly, the plaintiff had no standing to commence the instant action.

We reach no other issue. Bracken, J. P., Altman, Hart and Goldstein, JJ., concur.