JOSEPH PONTICELLO, Respondent, v COUNTY OF SUFFOLK, Appellant. [640 NYS2d 169]

It is settled that when "an employer and a union enter into a collective bargaining agreement that creates a grievance procedure, an employee subject to the agreement may not sue the employer directly for breach of that agreement but must proceed, through the union, in accordance with the contract" (*Matter of Board of Educ. v Ambach,* 70 NY2d 501, *cert denied sub nom. Margolin v Board of Educ.,* 485 US 1034; *see also, Matter of Biegel v Board of Educ.,* 211 AD2d 969; *Miller v County of Broome,* 197 AD2d 170; *Goldstein v Tabb,* 177 AD2d 470, 471; *Matter of Boags v Port Auth.,* 162 AD2d 245). However, this rule does not apply if the collective bargaining

agreement provides otherwise or when the union breaches its duty of fair representation (see, *Matter of Board of Educ. v Ambach, supra,* at 508). The collective bargaining agreement in this case does not provide otherwise.

In order to establish a breach of the duty of fair representation, it is necessary to show that the union's conduct was arbitrary, discriminatory, or in bad faith (see, *Smith v Sipe,* 67 NY2d 928; *Ahrens v New York State Pub. Empls. Fedn.,* 203 AD2d 796, 798; *Schmitt v Hicksville UFSD No. 17,* 200 AD2d 661, 662-663; *Altimari v Parker,* 189 AD2d 982, 983-984). Moreover, a union is under no duty to pursue every grievance to arbitration. Therefore, the failure to do so is not, per se, a breach of its duty of fair representation (see, *Ahrens v New York State Pub. Empls. Fedn., supra,* at 798; *Kleinmann v Bach,* 195 AD2d 736, 738; *Matter of Garvin v New York State Pub. Empl. Relations Bd.,* 168 AD2d 446, 447).

The plaintiff alleges, *inter alia,* that he filed a grievance (as required by the terms of the applicable collective bargaining agreement), that the grievance was denied by the defendant, and that the union arbitrarily refused to demand arbitration of the grievance. However, at trial, the plaintiff failed to introduce any evidence to prove that the union breached its duty of fair representation by refusing to arbitrate his grievance. The record establishes only that the union withdrew the plaintiff's grievance after the third step of the grievance procedure, in effect, refusing to proceed to arbitration. There is no evidence in the record of discrimination, arbitrariness, or invidious and hostile treatment on the part of the union (see, *Ahrens v New York State Pub. Empls. Fedn., supra).* Further, the clear intent of the applicable collective bargaining agreement is to give the union full control over which grievances may proceed beyond step 3 of the grievance procedure. Since the plaintiff failed to establish a breach of the union's duty of fair representation (see, *Smith v Sipe, supra; Ahrens v New York State Pub. Empls. Fedn., supra; Schmitt v Hicksville UFSD No. 17, supra),* he had no standing to commence this action (see, e.g., *Tomlinson v Board of Educ.,* 223 AD2d 636).

We reach no other issue. Santucci, J. P., Krausman, Goldstein and Florio, JJ., concur.