■ In the Matter of CONSTANCE DODGE et al., Appellants, v BOARD OF EDUCATION FOR THE SCHODACK CENTRAL SCHOOL DISTRICT et al., Respondents. [655 NYS2d 123] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered March 15, 1996 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioners' request to participate in the retirement incentive established by the Laws of 1995 (chs 12, 74, 189).

Petitioners were teachers employed by the Schodack Central School District, each of whom intended to retire at the close of the 1994-1995 school year. Their respective resignations were tendered and accepted by respondent Board of Education for the Schodack Central School District on and before April 13, 1995; for having furnished early notice of their intention to retire, petitioners became eligible to receive a $5,000 retirement bonus pursuant to the terms of the applicable collective bargaining agreement. Petitioners thereafter sought to obtain the additional financial benefits made available by a State-wide retirement incentive program (see, L 1995, chs 12, 74) in which the School District had elected to participate on May 4,

1995. Because petitioners' resignations had already been accepted, and thus had become irrevocable (*see, Schmitt v Hicksville UFSD No. 17*, 200 AD2d 661, 663), before the School District opted to participate in the State-wide program, the Board of Education found them ineligible to receive the extra service credit that program provides (*see,* L 1995, ch 12, § 6). Petitioners then commenced this proceeding to annul the Board of Education's determination as arbitrary and capricious, and obtain a directive compelling respondents to certify them as eligible for the incentive program and to pay the additional sums due in accordance therewith. Supreme Court upheld the Board of Education's determination, prompting this appeal.

We affirm. The language and overall design of the statutes in question, as well as their legislative history, confirm that their intended effect was to induce the retirement of employees who would not otherwise have left the payroll of the participating State and municipal employers, and in so doing to reduce the financial burden on those economically beleaguered entities. This is confirmed by the terminology used in the statutes themselves (the credits bestowed thereby are referred to as a "retirement incentive", i.e., "something that [motivates] an individual to retire" [*Matter of Connor v Deer Park Union Free School Dist.*, 195 AD2d 216, 219]), their explicit purposes, as explained in contemporaneous legislative and executive memoranda ("to reduce the workforce" [Mem of State Exec Dept, 1995 McKinney's Session Laws of NY, at 1789], and "to save money for the state and other public employers" [Mem in Support, New York State Assembly, 1995 McKinney's Session Laws of NY, at 1869; *see, Matter of Sutka v Conners*, 73 NY2d 395, 403]), and the strict limitations placed on the availability of the incentives (as ultimately enacted, the law allows the benefits to be granted only when a position will be eliminated, or significant savings will accrue [*see,* L 1995, ch 12, § 1 (g); § 3 (a); ch 74, § 3).

While a literal reading of the eligibility requirements set out in the Laws of 1995 (ch 12) does not expressly preclude participation by those who, like petitioners, have already tendered their resignations, such a reading must be rejected where, as here, it leads to a result palpably at odds with the clear purposes underlying the legislation (*see, Matter of Town of New Castle v Kaufmann*, 72 NY2d 684, 686; *New York State Bankers Assn. v Albright*, 38 NY2d 430, 436-437; *see also, United States v American Trucking Assns.*, 310 US 534, 543-544). Inasmuch as the legislation in question was designed to

induce retirement by according a benefit in exchange therefor, and to reduce costs, no discernible public purpose is served by affording that benefit (which would cost the District approximately $72,000) to petitioners, who had formerly indicated their intent to retire irrespective of this new inducement (*see, Ferres v City of New Rochelle*, 68 NY2d 446, 453-454).

As for the statutory language relied upon by petitioners— which requires, as a prerequisite to eligibility for the program's benefits, that those who, *inter alia*, "[have] received" contractual retirement incentives forfeit them (*see*, L 1995, ch 12, § 4 [b])—in our view, this language, read in conjunction with the remainder of the statute, does not evince an intent to make the program's benefits available to those who have already irrevocably resigned when no cost savings results.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.