■ In the Matter of NEIL PRENDERGAST, Appellant, v KINGSTON CITY SCHOOL DISTRICT et al., Respondents. [662 NYS2d 141] —Casey, J. Appeal from a judgment of the Supreme Court (Carpinello, J.), entered May 17, 1996 in Ulster County, which, in a proceeding pursuant to CPLR article 78, *inter alia*, granted respondents' motion to dismiss the petition for lack of capacity to sue.

Petitioner was injured during the course of his employment with respondent Kingston City School District (hereinafter the District) and was subsequently terminated from service by reason of disability after a hearing pursuant to Civil Service Law § 71. Thereafter, petitioner filed a grievance alleging that respondents had denied him certain benefits to which he was entitled under the terms of the collective bargaining agreement between the District and petitioner's union. The grievance was denied after an informal hearing and neither petitioner nor his union pursued the formal steps of the contractual grievance procedure.

In October 1995, petitioner commenced this proceeding pursuant to CPLR article 78 seeking to compel respondents to provide him with the requested benefits. Respondents, in turn, moved to dismiss the petition on the ground, *inter alia*, that petitioner lacked capacity to maintain the proceeding. Petitioner cross-moved for leave to amend the petition to add his union as a petitioner in the proceeding and a cause of action compelling respondents to submit the dispute to arbitration. Supreme Court, *inter alia*, granted respondents' motion and this appeal by petitioner ensued.

We affirm. The petition seeks recovery based upon the District's alleged breach of the collective bargaining agreement. It is well settled that "[a]bsent a breach of the duty of fair representation by the union * * * an individual * * * may not bring suit to enforce the provisions of a collective bargaining agreement" (*Matter of Biegel v Board of Educ.*, 211 AD2d 969, 971; *see, Matter of Board of Educ. v Ambach*, 70 NY2d 501, 508, *cert denied sub nom. Margolin v Board of Educ.*, 485 US 1034). Since petitioner has not alleged that his union breached the duty of fair representation, we agree with Supreme Court that petitioner lacks the capacity to bring the instant proceeding against respondents (*see, Clark v County of Cayuga*, 212 AD2d 963; *Goosley v Binghamton City School Dist. Bd. of Educ.*, 101 AD2d 942, 942-943).

Likewise, we find no abuse of discretion in Supreme Court's denial of petitioner's cross motion for leave to amend the petition. Generally, leave to amend pleadings pursuant to CPLR 3025 (b) is freely granted (*see, Amica Mut. Ins. Co. v Hart Alarm Sys.*, 218 AD2d 835, 836; *Rourke v Thomas Assocs.*, 203 AD2d 859, 860, *appeal dismissed* 86 NY2d 837), provided "the amendment is not 'plainly lacking in merit'" (*Harrell v Champlain Enters.*, 222 AD2d 876, quoting *Sabol & Rice v Poughkeepsie Galleria Co.*, 175 AD2d 555, 556; *see, McKiernan v McKiernan*, 207 AD2d 825; *Bombard v Central Hudson Gas &*

*Elec. Co.*, 205 AD2d 1018, 1019, *lv dismissed* 84 NY2d 923). The amendments which petitioner requests would not transform the petition into a viable one due to petitioner's failure to pursue the formal steps of the grievance procedure set forth in the collective bargaining agreement. Accordingly, the judgment is affirmed.

Mikoll, J. P., Crew III, White and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.