■ BARBARA DeLORENZO, Appellant, v BAC AGENCY, INC., Respondent. [681 NYS2d 846] —Graffeo, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered December 2, 1997 in Broome County, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff owned a commercial building in the City of Binghamton, Broome County, and had procured insurance coverage through defendant, an insurance agency, and underwritten by American Insurance Company. The policy of insurance provided "guaranteed replacement cost" which reimbursed plaintiff for losses to the building based on replacement cost without regard to the limit of liability. The insurer, however, was "not required to pay for any loss under this endorsement until [the insured has] completed repairs or replacement of the property". Additionally, the policy stated that "[s]hould [the insured] decide not to repair or replace the property after a loss, [the insurer] will not be liable for more than the actual cash value of the property at the time of the loss". In 1993, American advised plaintiff that her policy would not be renewed and, therefore, plaintiff requested that defendant procure coverage from another carrier. Coverage was then obtained through Travelers Insurance Company and although the policy covered "replacement cost", it did not provide "guaranteed replacement cost" and therefore the carrier's potential exposure was confined to the liability limits.

In May 1994, a fire destroyed plaintiff's building and initially Travelers refused to pay replacement cost, claiming that plaintiff was first required to complete repairs to the property or replace the building before recovery of policy proceeds. In settlement of plaintiff's claim, however, Travelers eventually paid plaintiff $294,000, the face amount of the policy.

This action was commenced by plaintiff to recover from defendant the difference between the proceeds she received from Travelers and the amount she would have received had defendant procured coverage identical to the American policy. Plaintiff then moved for leave to serve a second amended complaint alleging a cause of action based on anticipatory breach. Defendant cross-moved for summary judgment based on plaintiff's failure to satisfy the policy's condition precedent that she rebuild the premises before the insurer was obligated to pay. Supreme Court denied plaintiff's motion and granted defendant's cross motion for summary judgment dismissing the complaint. Plaintiff now appeals.

Upon a review of the record, we find no reason to disturb Supreme Court's determination granting summary judgment to defendant. Although an insurance broker may be liable for any loss attributable to its failure to procure insurance (*see, Spiegel v Metropolitan Life Ins. Co.*, 6 NY2d 91), a broker stands in the shoes of the insurer and liability is limited to that which the insurer would have had to pay had coverage been in effect (*see, Macon v Arnlie Realty Co.*, 207 AD2d 268; *Island Cycle Sales v Khlopin*, 126 AD2d 516). Here, both the American and Travelers policies contained a proviso that the insurer was not required to pay any replacement cost until replacement or repairs were completed. Even assuming arguendo that defendant was negligent in failing to procure comparable coverage for plaintiff, plaintiff failed to satisfy the condition precedent of rebuilding (*see, Harrington v Amica Mut. Ins. Co.*, 223 AD2d 222, *lv denied* 89 NY2d 808). Therefore, plaintiff is precluded from obtaining reimbursement for the difference in the amount she was paid under the Travelers policy and her alleged "replacement cost".

Plaintiff next contends that Supreme Court improperly denied her motion for leave to serve a second amended complaint containing an allegation of anticipatory repudiation. She asserts that the insurer's refusal to pay full replacement cost beyond the policy limit constituted an anticipatory breach which excused her obligation to satisfy the condition precedent of replacement. We disagree. The doctrine of anticipatory repudiation entitles the nonrepudiating party to immediately

claim damages for a breach of contract where there is a renunciation of the contract in which the repudiating party has indicated an unqualified and clear refusal to perform with respect to the entire contract (*see, American List Corp. v U.S. News & World Report*, 75 NY2d 38; *Tenavision, Inc. v Neuman*, 45 NY2d 145).

Here, the insurer did not refuse to perform and, in fact paid plaintiff $294,000 for her fire loss which was the face value of the policy. In accordance with either the American policy, with unlimited guarantee replacement cost coverage, or the Travelers policy, with replacement cost coverage up to the policy limit, the insurer had no obligation to make replacement cost payments until plaintiff had actually undertaken replacement and incurred the cost (*see, Harrington v Amica Mut. Ins. Co., supra*). Plaintiff's contention that requiring fulfillment of the condition precedent constitutes a wrongful repudiation is clearly without merit (*cf., Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.*, 53 NY2d 835). Although a motion to amend a complaint generally should be freely granted (*see*, CPLR 3025 [b]; *Amica Mut. Ins. Co. v Hart Alarm Sys.*, 218 AD2d 835), the proposed amendment in this case plainly lacks merit and, therefore, leave was properly denied (*see, Matter of Prendergast v Kingston City School Dist.*, 242 AD2d 773).

Crew III, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.