■ ROSEMARY LUNDGREN, Appellant, v KAUFMAN ASTORIA STUDIOS, INC., Respondent. [690 NYS2d 609] —In an action, *inter alia,* to recover damages for breach of a collective bargaining agreement, the plaintiff appeals from an order of the Supreme Court, Queens County (Posner, J.), dated April 16, 1998, which granted the defendant's motion to dismiss the complaint on the ground of lack of standing.

Ordered that the order is affirmed, with costs.

The defendant Kaufman Astoria Studios, Inc. (hereinafter Kaufman Astoria), and the Stage Employees Union, Local No. 4 (hereinafter the union) were parties to a collective bargaining agreement which provided in part that if the union and Kaufman Astoria could not amicably resolve any issues arising out of the agreement, then either the union or Kaufman Asto-

ria could submit the dispute to final and binding arbitration. The plaintiff, a member of the union, brought the instant breach of contract action directly against her employer, Kaufman Astoria. The Supreme Court granted Kaufman Astoria's motion to dismiss the complaint on the ground that the plaintiff lacked standing to bring such an action in view of the existence of the collective bargaining agreement and her status as a union member.

Generally, where a collective bargaining agreement containing a grievance and arbitration procedure exists, a covered employee may not sue his or her employer directly for breach of the agreement, but must proceed through the union in accordance with the contract (*Matter of Board of Educ.v Ambach,* 70 NY2d 501, 508). In the absence of a contract provision stating otherwise, an employee may proceed directly against the employer only when the union fails in its duty of fair representation (*Matter of Board of Educ. v Ambach, supra; Tomlinson v Board of Educ.,* 223 AD2d 636). In order to establish a breach of the duty of fair representation, it is necessary to show that the union's conduct was arbitrary, discriminatory, or in bad faith (*Ponticello v County of Suffolk,* 225 AD2d 751; *Schmitt v Hicksville UFSD No. 17,* 200 AD2d 661).

In the instant case, there was no allegation in the complaint that the union breached its duty of fair representation. Moreover, the plaintiff did not submit a personal affidavit or other evidence to support her attorney's vague and conclusory assertion of improper conduct by the union. Under these circumstances, the plaintiff has no standing to maintain an action directly against Kaufman Astoria (*see, Ponticello v County of Suffolk, supra; Matter of Prendergast v Kingston City School Dist.,* 242 AD2d 773; *DiBenedetto v Ryan,* 208 AD2d 796). Similarly, since the collective bargaining agreement does not grant individual employees the right to pursue contractual issues on their own, and since there is no allegation that the union breached its duty of fair representation, the plaintiff's reliance upon any third-party beneficiary theory is misplaced (*see, Parker v Borock,* 5 NY2d 156; *cf., Hudak v Hornell Indus.,* 304 NY 207). Accordingly, the court properly dismissed the complaint. Thompson, J. P., Sullivan, Joy and Schmidt, JJ., concur.