■ HILARY J. LEBLANC et al., Appellants, v SECURITY SERVICES UNIT EMPLOYEES OF THE NEW YORK STATE LAW ENFORCEMENT OFFICERS UNION, COUNCIL 82, AFSCME, AFL-CIO, Respondent. [718 NYS2d 116] —Spain, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered May 2, 2000 in Albany County, which, inter alia, granted defendant's motion to dismiss the complaint for failure to state a cause of action or as time barred.

Plaintiffs, current or former Environmental Conservation Officers employed by the State, commenced this action in November 1999 against their collective bargaining agent alleging breach of the duty of fair representation, breach of contract and a violation of Civil Service Law § 209-a. Upon defendant's

motion to dismiss, Supreme Court dismissed the complaint and denied a cross motion by plaintiffs to amend the complaint. Plaintiffs appeal contending that their first three causes of action were improperly dismissed.

We affirm. Plaintiffs' first cause of action—for breach of the duty of fair representation—is premised on defendant's refusal, in July 1987, to file a grievance on plaintiffs' behalf alleging breach of contract and a violation of the Fair Labor Standards Act of 1938 (29 USC § 201 *et seq.*) (hereinafter FLSA) arising out of the State's failure to provide plaintiffs with overtime compensation under the collective bargaining agreement in place at that time. Supreme Court properly dismissed this claim as time barred (*see*, CPLR 3211 [a] [5]). A claim against an employee organization for breach of the duty of fair representation is timely commenced only if brought within four months of the date the employee knew or should have known that the breach occurred or when the employee suffered actual harm, whichever is later (*see*, CPLR 217 [2] [a]). Plaintiffs concede that they were aware of the breach in 1987, but contend that they did not experience actual harm until July 2, 1999 when they were paid FLSA overtime compensation, as opposed to contractual overtime compensation, and when they became obligated to pay counsel fees, costs and disbursements.* To the contrary, the harm complained of—an unfair labor practice—occurred when defendant allegedly breached its duty of fair representation by refusing to file the grievance in July 1987, over 12 years before this action was commenced (*see*, *Rajter v Local No. 294*, 233 AD2d 559, 560; *Bitterman v Herricks Teachers' Assn.*, 220 AD2d 473, 474).

We next conclude that plaintiffs' second and third causes of action alleging breach of contract were properly dismissed for failure to state a cause of action (*see*, CPLR 3211 [a] [7]). The breach of contract claims are based on the collective bargaining agreement between the State and defendant, to which plaintiffs are not parties. Thus, plaintiffs lack privity and may not assert contractual claims directly against the State based on the collective bargaining agreement (*see*, *Klein v Empire Blue Cross & Blue Shield*, 173 AD2d 1006, 1008, *lv denied* 78 NY2d 863; *Lundgren v Kaufman Astoria Studios*, 261 AD2d

---

* Following defendant's refusal to file a grievance on plaintiffs' behalf, litigation in both Federal and State courts ensued in which both plaintiffs and the US Secretary of Labor argued that plaintiffs should receive overtime compensation under the FLSA. Plaintiffs' entitlement to FLSA overtime compensation was eventually established (*see*, *Mulverhill v State of New York*, 257 AD2d 735).

513, 514). Plaintiffs' reliance on a third-party beneficiary theory to pursue their breach of contract claims is equally misplaced (*see*, *Lundgren v Kaufman Astoria Studios, supra*).

Nor did Supreme Court err in denying plaintiffs' motion to amend their complaint to remedy their failure to allege the specific provisions of the agreement allegedly breached by defendant (*see*, *Lupinski v Village of Ilion*, 59 AD2d 1050, 1050-1051), inasmuch as additional specificity would not have remedied the failure of the complaint to state a cause of action because, as discussed, plaintiffs lack privity. Where a proposed amendment lacks merit, a court may properly deny leave to amend a pleading (*see*, *De Lorenzo v Bac Agency*, 256 AD2d 906, 908). We also reject plaintiffs' contention that the court improperly failed to notify the parties of its intention to treat the motion as a motion for summary judgment (*see*, CPLR 3211 [c]) inasmuch as the court dismissed plaintiffs' claims pursuant to CPLR 3211 (a) and not CPLR 3211 (c). Finally, we find it unnecessary to address plaintiffs' assertion that Supreme Court erred in holding that they were not entitled to recover counsel fees under the FLSA as the complaint alleges no Federal causes of action.

Mercure, J. P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.