■ In the Matter of RONALD GRASSEL, Appellant, v PUBLIC EMPLOYMENT RELATIONS BOARD, STATE OF NEW YORK, et al., Respondents, et al., Respondents. [753 NYS2d 522] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Public Employment Relations Board, State of New York, dated August 7, 2000, which, inter alia, dismissed the petitioner's improper practice charge against the respondent United Federation of Teachers, Local 2, for failure to prove a prima facie case, the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Jones, J.), dated October 17, 2001, as denied the petition and dismissed the proceeding as to those respondents.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs.

The petitioner, Ronald Grassel, was a high school teacher employed by the Board of Education of the City of New York. He was served with disciplinary charges pursuant to Education Law § 3020-a. The respondent United Federation of Teachers, Local 2 (hereinafter the UFT) provided the petitioner with legal representation for his defense, and assigned attorney Mitchell H. Rubinstein. The hearing date was set for September 14, 1998. During the weeks prior to the hearing, Rubinstein made five unsuccessful attempts to contact the petitioner to prepare for his defense. Rubinstein eventually withdrew as counsel on the ground that the petitioner failed to cooperate with him in the preparation for the hearing.

To establish a breach of the duty of fair representation, it is necessary to show that a union's conduct was arbitrary, discriminatory, or in bad faith (see Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd., 48 NY2d 398, 404-405; Ponticello v County of Suffolk, 225 AD2d 751, 752). Here, Rubinstein withdrew from representation as a result of the petitioner's failure to cooperate with him in preparing his defense. Counsel reasonably concluded that the petitioner did not intend to participate in his defense. Since the petitioner failed to establish a breach of the union's duty of fair representation, the Supreme Court properly denied his petition and dismissed the proceeding insofar as asserted against the Public Employment Relations Board, State of New York and the UFT (Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd., supra; Ponticello v County of Suffolk, supra at 752).

The petitioner's remaining contentions are without merit. Santucci, J.P., Feuerstein, Luciano and Schmidt, JJ., concur. [As amended by unpublished order entered Apr. 16, 2003.]