■ LAUREEN CLUNE, Appellant, v GARDEN CITY UNION FREE SCHOOL DISTRICT, Respondent, et al., Defendant. [826 NYS2d 87]—

In an action, inter alia, to recover damages for breach of

contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered March 17, 2005, as granted the motion of the defendant Garden City Union Free School District to dismiss the complaint insofar as asserted against it, among other things, on the grounds that the plaintiff failed to serve a notice of claim on its governing body within three months of the accrual of the claim pursuant to Education Law § 3813 (1) and failed to exhaust her administrative remedies, and denied her cross motion to deem a letter sent to an employee of the defendant Garden City Union Free School District a sufficient notice of claim or, in the alternative, for leave to serve a late notice of claim pursuant to Education Law § 3813 (2-a).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, formerly employed by the defendant Garden City Union Free School District (hereinafter the District) as a permanent long-term substitute teacher, retired in June 2003. On or about October 19, 2004 the plaintiff commenced this action against the defendants, inter alia, to recover damages for breach of contract, alleging, among other things, that the defendants breached a collective bargaining agreement (hereinafter the CBA) between the District and the defendant Garden City Teachers Association, Inc. (hereinafter the Association), dated June 21, 2002, by failing to pay her a retirement incentive in the sum of $15,000.

As a condition precedent to an action against a school district, Education Law § 3813 (1) requires that a notice of claim be presented to the governing body of the school district within three months from the accrual of the claim. Here, the Supreme Court properly determined that a letter sent to an employee of the District did not meet the requirements of Education Law § 3813 (1) (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 547-548 [1983]; *Kingsley Arms, Inc. v Copake-Taconic Hills Cent. School Dist.*, 9 AD3d 696, 697 [2004]; *Paladino v Commack Union Free School Dist.*, 307 AD2d 284, 285 [2003]). In addition, while the plaintiff conceded in her complaint that she was "subject to" the CBA, the plaintiff failed to invoke any administrative remedies thereunder (*see Matter of Board of Educ., Commack Union Free School Dist. v Ambach*, 70 NY2d 501 [1987], *cert denied sub nom. Margolin v Board of Educ., Commack Union Free School Dist.*, 485 US 1034 [1988]; *Berlyn v Board of Educ. of E. Meadow Union Free School Dist.*, 55 NY2d 912 [1982] ; *Formica v Town of Huntington*, 295 AD2d 400, 401 [2002]; *Lundgren v Kaufman Astoria Studios*, 261

AD2d 513 [1999]). Thus, the Supreme Court properly granted the District's motion to dismiss the complaint on the grounds that the plaintiff failed to serve a notice of claim on its governing body within three months of the accrual of the claim and failed to exhaust her administrative remedies. Based upon the foregoing, the Supreme Court also properly denied that branch of the plaintiff's cross motion which was to deem the letter a sufficient notice of claim under Education Law § 3813 (1) (*see Parochial Bus Sys. v Board of Educ. of City of N.Y., supra; Kingsley Arms v Copake-Taconic Hills Cent. School Dist., supra; Paladino v Commack Union Free School Dist., supra*).

The Supreme Court also properly denied that branch of the plaintiff's cross motion which was for leave to serve a late notice of claim. Pursuant to CPLR 217, the claims asserted against the District are governed by the four-month statute of limitations (*see Dolce v Bayport, Blue Point Union Free School Dist.*, 286 AD2d 316 [2001]; *Clissuras v City of New York*, 131 AD2d 717, 718 [1987]). Accordingly, the Supreme Court properly determined that the claims were time-barred and thus, pursuant to Education Law § 3813 (2-a), it was without authority to extend the time to serve a late notice of claim (*see Dolce v Bayport, Blue Point Union Free School Dist., supra*). Schmidt, J.P., Adams, Skelos and Covello, JJ., concur.