ROBERT L. HICKEY, Appellant, v HEMPSTEAD UNION FREE SCHOOL DISTRICT, Respondent. [829 NYS2d 163]—

In an action to recover damages for unjust enrichment and failure to pay wages, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated April 5, 2005, which granted the defendant's motion to dismiss the complaint on the ground that he lacked standing to maintain the action and denied his cross motion for leave to serve a late notice of claim.

Ordered that the order is affirmed, with costs.

The plaintiff's causes of action arise from a collective bargaining agreement negotiated between his union, the Hempstead School Administrator's Association, and the defendant Hemp-

stead Union Free School District. A union member generally has no individual rights under a collective bargaining agreement which he or she can enforce against an employer (*see Matter of Albala v County of Nassau*, 270 AD2d 482, 483 [2000]; *Aloi v Board of Educ. of W. Babylon Union Free School Dist.*, 81 AD2d 874, 875 [1981]; *Berlyn v Board of Educ. of E. Meadow Union Free School Dist.*, 80 AD2d 572, 573 [1981]; *see also Matter of Board of Educ., Commack Union Free School Dist. v Ambach*, 70 NY2d 501, 508 [1987]). In the absence of a contract provision stating otherwise, an employee may proceed directly against the employer only when the union fails in its duty of fair representation (*see Matter of Board of Educ., Commack Union Free School Dist. v Ambach, supra*; *Lundgren v Kaufman Astoria Studios*, 261 AD2d 513, 514 [1999]). "In order to establish a breach of the duty of fair representation, it is necessary to show that the union's conduct was arbitrary, discriminatory, or in bad faith" (*Lundgren v Kaufman Astoria Studios, supra* at 514; *see Ponticello v County of Suffolk*, 225 AD2d 751, 752 [1996]; *Vaca v Sipes*, 386 US 171, 190 [1967]; *Stempien v Civil Serv. Empls. Assn.*, 91 AD2d 864, 865 [1982]). Here, there was no allegation in the complaint that the union breached its duty of fair representation and there was no evidence in the record to support such a conclusion. Indeed, the plaintiff filed an improper practice charge against the union with the Public Employment Relations Board (hereinafter PERB). Following a hearing, PERB dismissed this charge upon a finding that the union had not breached its duty of fair representation (*see Yoonessi v State of New York*, 289 AD2d 998, 1000 [2001]; *cf. Handy v Westbury Teachers Assn.*, 104 AD2d 923, 925-926 [1984]). The plaintiff never appealed such determination. Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the complaint on the ground that the plaintiff lacked standing to maintain the action.

In light of our determination, the plaintiff's remaining contentions need not be addressed. Crane, J.P., Skelos, Lifson and Dillon, JJ., concur.