10-4227-bk
Matrix Realty Group v. Food Management Group

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of August, two thousand eleven,

Present:     ROSEMARY S. POOLER,
            RICHARD C. WESLEY,
                        *Circuit Judges*.
            JOHN G. KOELTL,[*]
                        *District Judge*.

_____

In re:  FOOD MANAGEMENT GROUP, LLC, KMA I, INC.,
KMA II, INC., KMA III, INC. and BRONX DONUT BAKERY, INC.,
                                    *Debtors.*

_____

MATRIX REALTY GROUP, INC.,
                        *Appellant*,

                 -v-                                        10-4227-bk

FOOD MANAGEMENT GROUP, LLC, KMA I, INC., KMA II, INC.,
KMA III, INC. and BRONX DONUT BAKERY, INC.,

                        *Appellees.*

_____

[*]  The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

1

Appearing for Appellant:     David Lazer, Lazer Aptheker, Rosella & Yedid, P.C. (Zachary Murdock, *on the brief*), Melville, N.Y.

Appearing for Appellees:     Warren T. Pratt, Drinker Biddle & Reath, LLP,Wilmington, De. (Janice B. Grubin, Todtman Nachamie Spizz & Johns, P.C., New York, N.Y., *on the brief*).

Appearing for Amicus Curiae
QuestTech Financial, LLC:     Richard Levy Jr., Pryor Cashman LLP, New York, N.Y., *on the brief.*

Appeal from the United States District Court for the Southern District of New York (Batts, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Matrix Realty Group, Inc. appeals from the September 21, 2010, memorandum and order of the Southern District of New York (Batts, *J.*) affirming the May 28, 2008 order of the Bankruptcy Court for the Southern District of New York (Hardin, *J.*), issued after a bench trial, finding Matrix liable to Food Management Group, LLC, KMA I, Inc., KMA II, Inc., KMA III, Inc., and Bronx Donut Bakery, Inc. (collectively, "Debtors") for breach of contract and awarding damages in the amount of $9,196,114.11. Matrix raises numerous issues for review, with particular emphasis on arguing the courts below erred in finding it anticipatorily repudiated an agreement between the parties for Matrix to purchase the bulk of the assets contained in the Debtors' estate. The assets at issue were primarily Dunkin' Donuts franchises and franchise agreements. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The courts below properly determined that Matrix anticipatorily breached the agreement between the parties. "Under the doctrine of anticipatory breach, a wrongful repudiation of the contract by one party before the time of performance entitles the non-repudiating party to immediately claim damages for total breach, and will relieve the non-repudiating party of its obligations of future performance." *Aetna Cas. and Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 587 (2d Cir. 2005)(internal quotation omitted). "Repudiation occurs when a party manifests an intent not to perform, either by words or by deeds." *Id.* Here, the courts below properly found that Matrix anticipatorily breached the contract by (1) informing the Debtors in a letter dated June 10, 2005 that it would not perform under the agreement, and seeking a return of its bidding deposit; and  (2) stating, on the record, to the bankruptcy court on June 29, 2005 that it would not perform under the agreement. Under New York law, repudiation occurs when "the repudiating party has indicated an unqualified and clear refusal to perform." *De Lorenzo v. Bac Agency, Inc.*, 256 A.D.2d 906, 908 (3d Dept. 1998). "Generally, the issue of repudiation or abandonment is an issue of fact." *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 112 (2d Cir. 2010) (internal quotations omitted). On this record, it cannot be said that the bankruptcy court erred in finding that Matrix repudiated.

Nor did the courts below err in finding that the agreement was divisible, and the Debtors were ready, willing and able to substantially perform the bulk of the agreement at the time of repudiation. Generally, "the severability of a contract is a question of the parties' intent, to be determined from the language employed by the parties, viewed in the light of the circumstances surrounding them at the time they contracted." *In re Balfour MacLaine Int'l Ltd.*, 85 F.3d 68, 81 (2d Cir. 1996) (internal quotation omitted). "As a general rule, the contract is considered severable and divisible when by its terms, nature, and purpose, it is susceptible of division and apportionment." *Id.* Here, there were separate pieces of property, each able to be separately valued, rendering the agreement between the parties divisible. In analyzing whether a party is ready, willing and able to perform, we have held that the "proof needed to show ability varies with the nature of the contract and all the surrounding circumstances." *Scholle v. Cuban-Venezeulan Oil Voting Trust*, 285 F.2d 318, 322 (2d Cir. 1960). This was a complex transaction, involving sophisticated parties, multiple assets in multiple locations, and a bankruptcy estate where the Debtors were tainted with allegations of fraud and misconduct. The agreement between the parties expressly states that both the "tangible and intangible assets" were to be delivered "as is where is," without any representations or warranties expressly made elsewhere in the contract. The courts below properly determined the Debtors were ready, willing and able to substantially perform.

We have considered the remainder of Matrix's claims and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3