Lahtinen, J.
Appeal from an order of the Supreme Court (Tait, J.), entered March 13, 2012 in Broome County, which granted defendants’ motion to dismiss the complaint.
Plaintiff is a member of the Faculty Association of Broome Community College (hereinafter FA), which had negotiated a collective bargaining agreement (hereinafter CBA) with defendant Broome Community College. He contended that the college, as well as various defendant faculty and administrators, failed to follow the procedures set forth in the CBA for timely considering him for promotion to full professor, resulting in that procedure being significantly delayed to his professional and economic detriment. The FA filed a grievance on his behalf in April 2010, but a month later decided not to continue the grievance. Plaintiff then commenced this action in October 2011 alleging breach of the CBA. Two defendants were granted dismissal without opposition, and the remaining defendants’ motion to dismiss was granted by Supreme Court in a March 2012 decision and order in which it found that plaintiff lacked standing. Plaintiff appeals.
Plaintiff asserts that, even though he is not contending that the FA breached its duty of fair representation, he should have standing to pursue a common-law breach of contract action against his employer regarding the promotion procedures. We cannot agree. “As a general proposition, when an employer and a union enter into a collective bargaining agreement that creates a grievance procedure, an employee subject to the agreement may not sue the employer directly for breach of that agreement but must proceed, through the union, in accordance with the contract” (Matter of Board of Educ., Commack Union Free School Dist. v Ambach, 70 NY2d 501, 508 [1987], cert denied sub nom. Margolin v Board of Educ., 485 US 1034 [1988]; Leblanc v Security Servs. Unit Empls. of N.Y. State Law Enforcement Officers Union, Council 82, AFSCME, AFL-CIO, 278 AD2d 732, 733 [2000]). Exceptions include where the collective bargaining agreement grants an employee a right to sue directly or where the union fails in its duty of fair representation (see Matter of Board of Educ., Commack Union Free School Dist. v *1224 Ambach, 70 NY2d at 508; Tomlinson v Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak, 223 AD2d 636, 637 [1996], lv denied 88 NY2d 808 [1996]).
Plaintiff acknowledges that he is not alleging that FA breached its duty of representation. He contends, however, that, under the CBA, decisions related to promotions are excepted from the grievance procedure and, thus, he can pursue an action directly against defendants. The ultimate decision about a promotion is not subject to a grievance under the CBA. Nonetheless, the lengthy procedures an associate professor must follow over several years to become eligible for consideration of a promotion to full professor are set forth in the CBA and are not explicitly excepted from the grievance process. It is the purported failure by defendants to follow these promotion procedures that plaintiff challenges, and the CBA does not carve out a separate right regarding these procedures that can be enforced by an employee directly against defendants (see Matter of Sinacore v State of New York, 277 AD2d 675, 677 [2000], Iv denied 96 NY2d 706 [2001]).
Peters, P.J., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.