# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**37**

**CA 13-01118**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

PHILIP BUFF, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

VILLAGE OF MANLIUS AND MARK-PAUL SERAFIN,
MAYOR, VILLAGE OF MANLIUS,
DEFENDANTS-RESPONDENTS.

---

THOMAS J. JORDAN, ALBANY, FOR PLAINTIFF-APPELLANT.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (COLIN M. LEONARD OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered February 11, 2013. The order granted defendants' motion to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff, a retired employee of defendant Village of Manlius (Village), commenced this breach of contract action seeking to compel defendants to pay 80% of plaintiff's health insurance plan premiums. Plaintiff alleged that defendants paid that percentage when he was employed, pursuant to the terms of a collective bargaining agreement (CBA) between the Village and the union representing Village firefighters (union). Defendants moved to dismiss the complaint on the ground that the grievance procedure provided for in the CBA was the exclusive procedure by which plaintiff could seek redress, and that plaintiff was required to bring his claim through the grievance procedure despite his status as a retiree. Plaintiff opposed defendants' motion, arguing, inter alia, that the CBA restricted the class of individuals who could file a grievance to active employees. Supreme Court determined that the language of the CBA contained no such restriction and granted defendants' motion. We conclude that the court erred in interpreting the CBA, and we therefore reverse the order, deny defendants' motion, and reinstate the complaint.

It is well settled that, "when an employer and a union enter into a collective bargaining agreement that creates a grievance procedure, an employee subject to the agreement may not sue the employer directly for breach of that agreement but must proceed, through the union, in accordance with the contract" (*Matter of Board of Educ., Commack Union*

*Free Sch. Dist. v Ambach*, 70 NY2d 501, 508, *cert denied sub nom. Margolin v Board of Educ., Commack Union Free Sch. Dist.*, 485 US 1034; *see also Clark v County of Cayuga*, 212 AD2d 963, 963). There are, however, two exceptions to that rule. The first exception applies when "the contract provides otherwise" (*Ambach*, 70 NY2d at 508), i.e., the contract "either expressly allows such suits or implicitly does so by excluding the dispute at issue from, or not covering it within, the ambit of the contractual dispute resolution procedures" (*Ledain v Town of Ontario*, 192 Misc 2d 247, 251, *affd* 305 AD2d 1094). The second exception applies "when the union fails in its duty of fair representation" (*Ambach*, 70 NY2d at 508), but the employee must allege and prove that the union breached its duty to provide fair representation to the employee (*see Ledain*, 192 Misc 2d at 251; *see also Matter of Reese v Board of Trustees of Mohawk Val. Community Coll.*, 28 AD3d 1240, 1241, *lv denied* 7 NY3d 709; *Matter of Prendergast v Kingston City Sch. Dist.*, 242 AD2d 773, 774; *Clark*, 212 AD2d at 963). We agree with defendants that plaintiff did not allege that the union breached its duty of fair representation, and therefore only the first exception is at issue here.

In relevant part, the CBA defines the term "grievance" broadly as "a controversy, dispute or difference arising out of the interpretation or application of this contract." The first step of the grievance procedure requires either the union or a "member" to present the grievance in writing. "It is well established that[,] when reviewing a contract, '[p]articular words should be considered, not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties manifested thereby' " (*Kolbe v Tibbetts*, 22 NY3d 344, 353, quoting *Riverside S. Planning Corp. v CRP/Extell Riverside, L.P.*, 13 NY3d 398, 404; *see Matter of El-Roh Realty Corp.*, 74 AD3d 1796, 1799). Furthermore, we "must give the words and phrases employed their plain meaning" (*Laba v Carey*, 29 NY2d 302, 308, *rearg denied* 30 NY2d 694; *see Fingerlakes Chiropractic v Maggio*, 269 AD2d 790, 792). Elsewhere in the CBA, the word "member" is used interchangeably with the word "employee," and several CBA provisions that apply to "members," such as provisions for holiday pay and annual physicals, clearly affect only active employees. In addition, the CBA provides that the Village recognizes the union "as the exclusive representative for collective negotiations with respect to salaries, wages, and other terms and conditions of employment *of all full-time and part-time employees*" (emphasis added).

Giving the word "member" its plain meaning, and interpreting the contract as a whole, we agree with plaintiff that the word "member" means a member of the union. It is undisputed that plaintiff ceased to be a member of the union after his retirement. Thus, according to the clear and unambiguous terms of the CBA, plaintiff, who was no longer a "member" of the union when he became aggrieved, could not file a grievance. We therefore further agree with plaintiff that our decision in *Matter of DeRosa v Dyster* (90 AD3d 1470) is controlling here. In that case, the first step of the grievance procedure as provided for in the collective bargaining agreement required "an aggrieved 'employee' to request 'a review and determination of his [or

her] grievance by the head of the appropriate department' " (*id.* at 1472).  The majority concluded that, because the petitioner was no longer an "employee" when she became aggrieved, she "could not have pursued a grievance" (*id.*).  In this case, as in *DeRosa*, "the grievance procedure set forth in the CBA is predicated upon the status of the affected beneficiar[y . . . ,] as [an] active employee or retiree" (*id.* [internal quotation marks omitted]).

We conclude that the court erred in determining that this case is distinguishable from *DeRosa* on the ground that the section of the CBA that provides for health insurance benefits after retirement also uses the word "member."  In *DeRosa*, the collective bargaining agreement expressly permitted "grievances concerning retirement benefits" and expressly provided for health insurance benefits after retirement (*see id.* at 1471-1472).  The majority nevertheless held that, because only an individual "employee" could file a grievance, the petitioner could not have filed a grievance before commencing a CPLR article 78 proceeding (*id.* at 1472).  Thus, the fact that the CBA expressly provides for health insurance benefits after retirement does not necessarily mean that an individual retiree will be permitted to use the grievance procedure to enforce those provisions.  Rather, here, as in *DeRosa*, the clear and unambiguous terms of the CBA prevented plaintiff from filing a grievance (*see id.*; *cf. Ledain*, 192 Misc 2d at 255).

Defendants' reliance on *Matter of City of Ithaca* (*Ithaca Paid Fire Fighters Assn., IAFF, Local 737*) (29 AD3d 1129) is misplaced.  In that case, the court did not hold that the aggrieved retirees were required to bring their claims through the grievance procedure.  Rather, in the context of the former employer's motion to stay arbitration on the ground that the dispute was not subject to arbitration because the aggrieved retirees were not represented by the union, the court held that "issues such as respondent's relationship to retired employees . . . [and] whether retirees are covered by the grievance procedure . . . are matters which concern the precise scope of the substantive contractual provisions and, as such, are for the arbitrator" to decide (*id.* at 1132; *see Matter of Mariano v Town of Orchard Park*, 92 AD3d 1232, 1233-1234; *Matter of Jefferson-Lewis-Hamilton-Herkimer-Oneida BOCES [Jefferson-Lewis-Hamilton-Herkimer-Oneida BOCES Professional Assn., Local 2784]*, 247 AD2d 829, 829).

We reject plaintiff's contention, however, that the court erred when it declined to consider the extrinsic evidence he submitted to support his position that retirees could not file a grievance.  "[E]xtrinsic evidence may not be considered unless the document itself is ambiguous," and " 'extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face' " (*South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 278; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163).  We conclude that the CBA's use of the word "member" to describe which individuals may file a grievance unambiguously excludes plaintiff, and thus extrinsic evidence may not

be considered in support of either party's position.

Entered:  March 21, 2014                          Frances E. Cafarell
                                                  Clerk of the Court