■ In the Matter of CATHERINE MCLAUGHLIN, Respondent, v JOSEPH N. HANKIN, as President of Westchester Community College, et al., Appellants. [17 NYS3d 499]—

In a proceeding pursuant to CPLR article 78 to review a determination of Westchester Community College dated March

27, 2012, terminating the petitioner's employment as an instructor/counselor, the appeal is from a judgment of the Supreme Court, Westchester County (Neary, J.), entered October 30, 2013, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

The petitioner commenced this CPLR article 78 proceeding to review a determination of the president of Westchester Community College, Westchester Community College, and the County of Westchester (hereinafter collectively the college) to terminate her employment. In its answer, the college raised as an affirmative defense the petitioner's failure to exhaust her administrative remedies under the collective bargaining agreement (hereinafter the CBA) between the college and the Westchester Community College Federation of Teachers, American Federation of Teachers Local #2431 (hereinafter the union). The Supreme Court granted the petition upon finding that the petitioner was prevented from availing herself of the remedial provisions of the CBA by the union's decision not to press her claim. We reverse.

Contrary to the petitioner's contention, the issue of whether the union breached its duty of fair representation is preserved for appellate review. Generally, an employee covered by a collective bargaining agreement which provides for a grievance procedure must exhaust administrative remedies prior to seeking judicial remedies (see *Matter of Plummer v Klepak*, 48 NY2d 486, 489-490 [1979]; *Spano v Kings Park Cent. School Dist.*, 61 AD3d 666, 670-671 [2009]; *Matter of Amorosano-LePore v Grant*, 56 AD3d 663, 664 [2008]; *Matter of Murray v Downey*, 48 AD3d 817, 818 [2008]; *Matter of Hammond v Village of Elmsford*, 8 AD3d 484 [2004]). However, the failure to exhaust administrative remedies may be excused where the employee can prove that the union breached its duty of fair representation in the handling of the employee's grievance (see *Buff v Village of Manlius*, 115 AD3d 1156 [2014]; *Matter of Reese v Board of Trustees of Mohawk Val. Community Coll.*, 28 AD3d 1240 [2006]; *Jackson v Regional Tr. Serv.*, 54 AD2d 305 [1976]). Breach of the duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith (see *Matter of Civil Serv. Bar Assn., Local 237, Intl. Bhd. of Teamsters v City of New York*, 64 NY2d 188, 196 [1984]; *Hickey v Hempstead Union Free School Dist.*, 36 AD3d 760, 761 [2007]; *Matter of*

*Grassel v Public Empl. Relations Bd., State of N.Y.*, 301 AD2d 522, 523 [2003]). Here, the petitioner did not allege that the union's conduct was arbitrary, discriminatory, or made in bad faith, and the record does not support such a conclusion (*see Ponticello v County of Suffolk*, 225 AD2d 751 [1996]; *Matter of Garvin v New York State Pub. Empl. Relations Bd.*, 168 AD2d 446 [1990]; *cf. Spano v Kings Park Cent. School Dist.*, 61 AD3d 666, 671 [2009]). Accordingly, as the petitioner failed to establish that an exception to the exhaustion doctrine was applicable, the Supreme Court should have denied the petition and dismissed the proceeding on the merits. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.