■ MAHMOOD M. YOONESSI, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 91461.) [735 NYS2d 900] —Order

unanimously affirmed without costs. Memorandum: Claimant commenced this action against defendant, his former employer, alleging that defendant breached the collective bargaining agreement between defendant and claimant's union, the United University Professions (UUP). The Court of Claims properly granted defendant's motion for summary judgment dismissing the claim. It is well settled that, "when an employer and a union enter into a collective bargaining agreement that creates a grievance procedure, an employee subject to the agreement may not sue the employer directly for breach of that agreement but must proceed, through the union, in accordance with the contract" (*Matter of Board of Educ. v Ambach,* 70 NY2d 501, 508, *cert denied sub nom. Margolin v Board of Educ.,* 485 US 1034). An exception arises where the employee alleges that the union breached its duty of fair representation, in which case the employee may litigate the contract dispute directly against the employer (*see, Matter of Board of Educ. v Ambach, supra,* at 508). Here, claimant alleges that the UUP breached its duty of fair representation by failing to defend him adequately at the arbitration held on the disciplinary grievance and by failing to pursue his eight other grievances to arbitration. We nevertheless conclude, however, that the claim was properly dismissed.

The claim is not viable to the extent that it is dependent upon on the allegation that the UUP breached its duty of fair representation by failing to defend claimant adequately at the arbitration held on the disciplinary grievance. The applicable Statute of Limitations with respect to the claim against defendant is four months from "the date the employee or former employee knew or should have known that the breach [of the union's duty of fair representation] has occurred, or within four months of the date the employee or former employee suffers actual harm, whichever is later" (CPLR 217 [2] [b]; *see, Obot v New York State Dept. of Correctional Servs.,* 256 AD2d 1089, 1090). The arbitrator issued the determination finding claimant guilty of misconduct on February 1, 1991, and the UUP refused to commence a CPLR article 75 proceeding on claimant's behalf to challenge that determination. Thus, claimant knew by February 1991 of the UUP's alleged breach of the duty of fair representation but did not file this claim until April 3, 1995.

The claim also is not viable to the extent that claimant alleges that the UUP breached its duty of fair representation by failing to pursue the eight other grievances to arbitration.

Claimant is barred by the doctrine of collateral estoppel from so alleging. Collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.,* 62 NY2d 494, 500). The doctrine of collateral estoppel applies to quasi-judicial determinations of administrative agencies (*see, Ryan v New York Tel. Co., supra,* at 499). Claimant filed an improper practice charge with the Public Employment Relations Board (PERB), alleging, *inter alia,* that the UUP failed to process his eight other grievances. The Acting Director of PERB dismissed the charge, and that determination was affirmed by PERB. Claimant argued before PERB that the UUP failed to pursue his eight other grievances to arbitration, and thus he is collaterally estopped from raising that argument again in this case.

Because claimant cannot show that the UUP breached its duty of fair representation, which is an essential element of the breach of contract claim against defendant (*see generally, Matter of Board of Educ. v Ambach, supra,* at 508), the claim was properly dismissed. Finally, claimant contends that the court erred in its resolution of the fee dispute between claimant and his former counsel. Although claimant took an appeal from the order concerning the fee dispute, claimant failed to perfect that appeal. In any event, the record is inadequate for this Court to address claimant's contention (*see, Usyk v Track Side Blazers,* 182 AD2d 1125). (Appeal from Order of Court of Claims, Lane, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Burns, JJ.