OPINION OF THE COURT
Joseph R. Cannizzaro, J.
This action arises out of an alleged disruptive coworker relationship between plaintiff Cynthia Shaw and defendant Gregory Baldowski who both work for the defendant New York State Department of Audit and Control. The State defendants (hereinafter the State), who consist of Baldowski, the State of New York, the Office of the State Comptroller, the New York State Department of Audit and Control, Bruce Feig, Elaine Penn, Howard Rice, Alfred D’Alauro, Paul Capobianco, Marge Vrooman and Mark Bristol, move for an order dismissing plaintiff’s 2nd, 3rd, 4th, 5th, 6th, 8th and 9th causes of action pursuant to CPLR 3211 (a) (7) for the failure to state a cause of action, pursuant to CPLR 3211 (a) (1) on grounds of a defense founded upon documentary evidence, pursuant to CPLR 3211 (a) (2) on grounds that the court lacks subject matter jurisdiction due to the exclusivity of the Workers’ Compensation Law as a remedy for plaintiff’s alleged workplace injuries, and pursuant to CPLR 3211 (a) (3) on grounds that plaintiff lacks the legal capacity to maintain the action. In the alternative, the State moves pursuant to CPLR 3211 (c) and 3212 (e) for partial summary judgment in its favor on said causes of action.
*637 Defendants Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, Georgianna Natale, as president of CSEA Local 651, and Clarence Russell, as vice-president of CSEA Local 651 (hereinafter collectively referred to as CSEA), cross-move pursuant to CPLR 3212 (e) for an order granting it partial summary judgment on plaintiffs 7th cause of action to the extent that it alleges and seeks a declaratory judgment that plaintiff has been subjected to a violation of workplace health and safety laws.
Plaintiff opposes both motions to a limited degree. In consideration of the State’s motion, plaintiff withdraws her 2nd, 3rd, 4th, 5th and 6th causes of action in their entirety. In addition, plaintiff withdraws her 8th cause of action to the extent it alleges a private right of action for violations of state and federal health and safety statutes and regulations including New York Labor Law §§ 27-a and 200, the regulations thereunder at 12 NYCRR 800.3, and 29 USC § 654 et seq., and the regulations thereunder at 29 CFR 1910.141 et seq. Plaintiff also withdraws her 9th cause of action for retaliation to the extent it alleges a private right of action for violations of state and federal statutes including Labor Law § 27-a (10) and 29 USC § 660 (c), and to the extent it alleges a claim under New York Civil Service Law § 75-b against the individually named State defendants. Moreover, in response to CSEA’s motion, plaintiff has clarified that her 7th cause of action only alleges that CSEA breached its duty of fair representation to plaintiff as a union member under a collective bargaining agreement (CBA) by refusing or failing to make grievances about defendant Baldowski and alleged health and safety violations on her behalf. To the extent that CSEA premised its motion on the belief that plaintiff was alleging that CSEA violated the same state and federal health and safety statutes and regulations as alleged in her 8th cause of action against the State, plaintiff states that she has not made such a claim.
In view of plaintiffs withdrawals, the court shall address what remains of the motions. First, in regard to CSEA’s motion for summary judgment, the court notes that CSEA specifically seeks the dismissal of the allegations contained in paragraphs 86 and 104 of plaintiffs 7th cause of action which allege that CSEA violated the same state and federal health and safety statutes and regulations referred to in plaintiffs 8th cause of action against the State. CSEA also seeks the dismissal of the remedy requested in subparagraph (e) of the wherefore clause of the 7th cause of action which seeks a *638 declaratory judgment that plaintiff has been subjected to CSEA’s violations of workplace safety and health standards. In view of plaintiff’s statement that she is not making a claim that CSEA violated any health and safety statutes and regulations, the court finds that CSEA is entitled to summary judgment striking paragraphs 86 and 104 of the complaint to the extent they can be read as alleging that plaintiff was harmed by CSEA’s “breaches” or “violations” of any alleged health and safety statutes and regulations. These paragraphs shall remain to the extent that they allege that CSEA breached the CBA by refusing or failing to file grievances on plaintiff’s behalf due to the State’s violations of health and safety statutes and regulations. Furthermore, the court finds that CSEA is also entitled to summary judgment striking subparagraph (e) of the wherefore clause in its entirety.
However, recognizing that plaintiff’s 7th cause of action alleges a claim that CSEA breached its duty of fair representation to plaintiff under the CBA, the court notes that CSEA does not move or set forth any grounds for the dismissal of the claim. Rather, CSEA requests that upon the court’s resolution of the State’s motion, if it appears that it is entitled to summary judgment, that CSEA be granted such judgment without the necessity of making a cross motion pursuant to CPLR 3212 (b). Therefore, CSEA’s motion for partial summary judgment is granted at this juncture only to the extent stated above and plaintiff’s 7th cause of action for breach of duty of fair representation remains for the moment.
In regard to the State’s motion, the court notes that plaintiff’s 8th cause of action now alleges only that the State breached section 15.1 of the CBA between CSEA and the State of New York Administrative Services Unit. More particularly, plaintiff alleges that section 15.1 guarantees safe and healthy working conditions for employees and guarantees that the State will work with employees to abate unsafe and unhealthy conditions in the workplace. Plaintiff further alleges that section 15.1 requires the State to adhere to state and federal health and safety statutes and regulations. Therefore, plaintiff alleges that the State breached section 15.1, when it violated the Federal Occupational Safety and Health Standards contained in 29 CFR 1910.141 et seq. (OSHA regulations) as adopted by the State Public Employees’ Occupational Health and Safety Standards (PESHA regulations) at 12 NYCRR 800.3, by failing to prevent and correct the unhealthy and unsafe workplace conditions caused by defendant Baldowski’s offensive conduct *639 and foul smells, odors and discharge of human waste. Plaintiff alleges that the State defendants owed plaintiff a duty under CBA § 15.1, 12 NYCRR 800.3 and 29 CFR 1910.141 et seq. to keep and maintain separate and sanitary toilet rooms for employee use. Despite having actual knowledge of the severity of Baldowski’s offensive conduct and person, plaintiff alleges that the State defendants have failed or refused to remedy the situation. As a result, plaintiff alleges that she has suffered severe health and economic injuries.
In support of dismissal of plaintiffs 8th cause of action, the State contends that plaintiff has failed to state a cause of action because no private right of action is conferred upon plaintiff for breach of CBA § 15.1. In particular, the State contends that the exclusive remedy for alleged violations of CBA § 15.1 is governed by the Safety and Health Grievance Procedure provided for in CBA § 15.4, which requires administrative review and resolution unless alleged violations are reviewable through other procedures provided by law, rule or regulation. The State contends that pursuant to Labor Law §§ 27-a and 200 (2), the Commissioner of Labor has the exclusive authority to enforce PESHA regulations, and therefore the OSHA regulations that the PESHA regulations adopt. Thus, the State contends that the CBA and Labor Law § 27-a allow plaintiff to grieve and pursue the alleged health and safety violations through the Commissioner of Labor. The State contends that plaintiffs failure to pursue her grievance in accordance with Labor Law § 27-a does not now permit her to utilize CBA § 15.1 to maintain an action against the State for alleged PESHA and OSHA violations.
In opposition, plaintiff contends that she has a right to bring an action directly against the State for breach of CBA § 15.1 for the alleged PESHA and OSHA violations because she has alleged in her 7th cause of action that CSEA breached its duty of fair representation to her by failing to file grievances concerning Baldowski and the alleged violations. Citing to Matter of Board of Educ. v Ambach (70 NY2d 501, 508 [1987]), plaintiff contends that unless the CBA provides otherwise, when CSEA, as plaintiffs union, failed in its duty of fair representation to her, plaintiff was entitled to go.beyond the agreed grievance procedure set forth in section 15.4 and litigate the contract issue of the State’s violations of PESHA and OSHA directly against the State. Since CSEA has not moved to dismiss the breach of fair representation claim on the merits and such claim is a crucial element of plaintiffs claim for *640 breach of the CBA against the State, plaintiff contends that the State is not entitled to the dismissal of the 8th cause of action unless and until the 7th cause of action against CSEA is disposed of first.
Labor Law § 27-a is known as the Public Employee Safety and Health Act (PESHA). (Harnett v New York City Tr. Auth., 86 NY2d 438, 441 [1995].) By conceding that plaintiff does not have a private right of action under Labor Law §§ 27-a and 200 for the alleged violations of PESHA regulations (12 NYCRR 800.3) and OSHA regulations (29 CFR 1910.141 et seq.), and withdrawing her 8th cause of action to the extent that it asserted such a claim, plaintiff is acknowledging that she cannot directly sustain a claim against the State for the alleged safety and health violations. The issue, therefore, is whether plaintiff can indirectly sustain her claim for alleged violations of 12 NYCRR 800.3 and 29 CFR 1910.141 et seq., through the vehicle of CBA § 15.1. The court finds that plaintiff cannot do so.
Under the Safety and Health Grievance Procedure provided for in CBA § 15.4 (c), the contract states in relevant part that: “Alleged violations which would be reviewable through other procedures provided by law, rule or regulation shall not be processed through this procedure.” (See also CBA § 34.1 [b].)
Labor Law § 27-a sets forth a statutory administrative procedure for the review of alleged PESHA and OSHA violations by a public employer such as the State. (See Labor Law § 27-a.) The review process may be commenced by “[a\ny employee or representative of employees who believes that a violation of a safety or health standard exists.” (See Labor Law § 27-a [a] [5] [emphasis added].) However, it is undisputed that plaintiff never availed herself of this administrative review procedure in regard to the PESHA and OSHA violations alleged in this instance. As a result, in view of CBA § 15.4 (c) and Labor Law § 27-a, plaintiff has failed to exhaust her statutory administrative remedies.
Plaintiffs attempt to circumvent Labor Law § 27-a and to utilize CBA § 15.1 to hold the State liable for PESHA and OSHA violations is specifically foreclosed by CBA § 15.4 (c). In other words, plaintiff cannot utilize CBA § 15.1 as a means to determine whether the State is liable for alleged violations of PESHA and OSHA regulations, and therefore whether the State breached the CBA, when CBA § 15.4 (c) and Labor Law § 27-a provide that such regulations can only be reviewed through a separate and specific statutory scheme. It is for this reason that plaintiff fails to state a cause of action against the *641 State for breach of the CBA. It is also the reason that plaintiffs reliance on Board of Educ. v Ambach (supra) is misplaced.
In Ambach, the Court of Appeals recognized that:
“[a]s a general proposition, when an employer and a union enter into a collective bargaining agreement that creates a grievance procedure, an employee subject to the agreement may not sue the employer directly for breach of that agreement but must proceed, through the union, in accordance with the contract. Unless the contract provides otherwise, only when the union fails in its duty of fair representation can the employee go beyond the agreed procedure and litigate a contract issue directly against the employer.” (Board of Educ. v Ambach, supra at 508 [citations omitted] [emphasis added].)
The Court emphasized further that: “[o]nly when a union has failed to represent an employee fairly — effectively depriving the employee of full use of the agreed procedures — does concern for employees’ rights require that they be allowed to pursue grievances beyond the contractual mechanism.” (Board of Educ. v Ambach, supra at 509.)
Here, however, the agreed grievance procedure required plaintiff to administratively pursue her claim against the State in accordance with Labor Law § 27-a, and the State did nothing to prevent plaintiff from doing just that. Indeed, plaintiff was not entitled to utilize the CBA’s grievance procedure under section 15.4 for the resolution of alleged violations of PESHA and OSHA regulations. Plaintiffs allegations, therefore, that CSEA breached its duty of fair representation to her concerning the grievance procedure provided for in the CBA are irrelevant given the fact that the grievance procedure itself under section 15.4 (c) excluded review of PESHA and OSHA violations. In fact, it is clear that CSEA’s alleged breach of its duty of fair representation is not a breach at all since plaintiff could not have used the grievance procedure for administrative review and resolution of the alleged violations in the first place.
Thus, the alleged breach of duty of fair representation would not have permitted plaintiff to go beyond the CBA’s agreed procedure and litigate the alleged PESHA and OSHA violations directly against the State. (See e.g. Yoonessi v State of New York, 289 AD2d 998 [4th Dept 2001].) Instead, since plaintiffs 7th cause of action that CSEA breached its duty of fair representation is without merit and plaintiffs 8th cause of *642 action against the State is dependent upon the 7th cause of action, the 8th cause of action is clearly not viable. (Board of Educ. v Ambach, supra; Yoonessi v State of New York, supra.) Accordingly, the State’s motion to dismiss the 8th cause of action is granted for the failure to state a cause of action and/or alternatively on grounds that the State is entitled to summary judgment in its favor.
The foregoing analysis also requires the court to now dismiss plaintiffs 7th cause of action against CSEA for breach of its duty of fair representation. Pursuant to this court’s decision and order dated October 6, 2000, the court dismissed all of the allegations in plaintiffs 7th cause of action which concerned events that occurred prior to January 8, 2000, because the cause of action was untimely commenced as to those events. Thus, as mentioned above, the complaint now only contains allegations which concern CSEA’s alleged breach of fiduciary duty in regard to its refusal or failure to file grievances on plaintiffs behalf concerning the State’s violations of PESHA and OSHA regulations. As demonstrated above, plaintiffs 7th cause of action cannot stand in view of CBA § 15.4 (c) and Labor Law § 27-a. Rather, the court finds as a matter of law that CSEA could not have breached its duty of fair representation since CBA § 15.4 (c) and Labor Law § 27-a foreclosed administrative review and resolution of plaintiffs grievances under CBA § 15.4. (See also CBA § 34.1 [b].) Accordingly, the court finds that CSEA is entitled to summary judgment dismissing plaintiffs 7th cause of action against it.
Turning to the 9th cause of action, plaintiff alleges that the State has retaliated against her for making complaints about Baldowski and his above-stated offensive conduct and the conditions which constituted violations of health and safety protections for plaintiff as a public employee. Specifically, plaintiff alleges that she has been forbidden to talk with any coworkers about Baldowski and the unhealthy conditions he has created, that she has been forced to work in a separate office area where she can still smell Baldowski and where she is subjected to embarrassment and humiliation because she is being singled out and isolated, and that she has been given warning letters and negative performance evaluations. By retaliating against her, plaintiff alleges that the State has violated New York Labor Law § 215, New York Civil Service Law § 75-b, the First Amendment of the United States Constitution which protects plaintiffs right to speech and to petition about matters of public concern, 42 USC § 1983, and New York State Constitution, article I, §§ 8 and 9.
*643 In support of dismissal of the claim, the State contends first that plaintiff cannot maintain a private cause of action under Civil Service Law § 75-b. More specifically, the State contends that because plaintiff is a union member in good standing, she is subject to the disciplinary arbitration proceedings and protections set forth in the CBA. Therefore, the State contends that Civil Service Law § 75-b (3) (b) controls in this instance which requires plaintiff to arbitrate her claim and precludes her commencing the instant action in accordance with section 75-b (3) (c).
In addition, since plaintiff does not allege that she was terminated or that any disciplinary action was taken against her, the State contends that the only way plaintiff could possibly have a claim under Civil Service Law § 75-b would be if she alleged that “other adverse personnel action” was taken against her pursuant to section 75-b (2) (a). The State contends that “personnel action” is defined under section 75-b (1) (d) as meaning “an action affecting compensation, appointment, promotion, transfer, assignment, reassignment, reinstatement or evaluation of performance.” The State contends that plaintiff’s sole allegation relating to “personnel action” as defined by statute is her allegation that she received “negative performance evaluations.” However, the State submits the affidavit of Jay Canetto, director of personnel from the State Comptroller’s office, as well as plaintiffs job performance evaluations from 1996 through 2001. Canetto states that plaintiffs evaluations demonstrate that her job performance has been consistently rated “satisfactory” every year and, therefore, she cannot genuinely claim that adverse personnel action has been taken against her.
In opposition, plaintiff concedes that she has not received any negative evaluations. However, plaintiff contends that her remaining allegations are sufficient to allege adverse personnel action in the form of “transfer, assignment, reassignment.” Plaintiff contends further that she is not precluded from bringing her claim under section 75-b, because the CSEA’s breach of its duty of fair representation, as alleged in her 7th cause of action, nullifies the arbitration requirement of section 75-b (3) (b), and entitles plaintiff to proceed in a private action under section 75-b (3) (c).
The court does not agree with any of plaintiffs contentions. To begin, the court finds that plaintiffs allegations of retaliation do not indicate any adverse personnel action as that term is defined under section 75-b (1) (d). In particular, plaintiffs al *644 legations clearly do not constitute a transfer, assignment or reassignment. Nevertheless, even if the court were to find that plaintiffs allegations were somehow sufficient to allege a cause of action for “other adverse personnel action” being taken against her under Civil Service Law § 75-b (2) (a), the court’s dismissal of plaintiffs 7th cause of action on grounds that the CSEA did not breach its duty of fair representation to plaintiff, leaves plaintiff with no basis for litigating a section 75-b retaliation claim. In fact, having found no case on point, the court finds no support for plaintiffs claim that CSEA’s breach of its duty of fair representation obviates the requirement that plaintiff arbitrate her retaliation claim. Notwithstanding the lack of support, the absence now of a breach of duty of fair representation means that plaintiffs retaliation claim is clearly governed by section 75-b (3) (b), which requires arbitration of the claim, and not governed by section 75-b (3) (c) which would permit a private right of action if, and only if, section 75-b (3) (b) did not apply. Accordingly, the State’s motion to dismiss plaintiffs claim for retaliation under Civil Service Law § 75-b is granted for the failure to state a cause of action and/or alternatively on grounds that the State is entitled to summary judgment in its favor.
In regard to plaintiffs claim for retaliation under Labor Law § 215 (1), the statute states in relevant part that: “[n]o employer * * * shall discharge, penalize, or in any other manner discriminate against any employee because such employee has made a complaint to his employer * * * that the employer has violated any provision of this chapter [the Labor Law].”
Further, section 215 (2) clearly permits an employee to commence a civil action against her employer for violating subdivision (1). However, despite the statutory right to commence an action under section 215, if circumstances so permit it, the State contends that plaintiffs allegations in this instance do not permit the action to be sustained. In particular, the State contends that plaintiff has not alleged that she was discharged or that she was penalized as that term is understood in the context of the labor and employment law because she was not suspended from her employment or fined, sanctioned, disciplined or otherwise subjected to adverse employment action. Nor, the State contends, has plaintiff alleged that she has been discriminated against on the basis of her race, color, creed, national origin, sex, age or handicap.
In regard to plaintiff’s claims that she was retaliated against in violation of the First Amendment of the United States Con *645 stitution, 42 USC § 1983, and. the New York State Constitution, the State similarly contends that plaintiffs allegations are insufficient to sustain her claims. To prevail on such claims, the State contends that plaintiff must establish: (1) that the speech at issue was protected, (2) that plaintiff suffered an adverse employment action, and (3) that there was a causal connection between the protected speech and the adverse employment action. Assuming that plaintiffs complaints concerning safety and health violations were protected speech, the State contends that plaintiffs allegations do not constitute or demonstrate that she suffered any adverse employment action.
In opposition, plaintiff simply contends that her allegations are sufficient to sustain her claims under Labor Law § 215 and the First Amendment of the United States Constitution, 42 USC § 1983, and the New York State Constitution. The court, however, again does not agree with plaintiff. The court makes this determination by first looking to Phillips v Bowen (278 F3d 103 [2d Cir 2002]), a case relied upon by plaintiff concerning her constitutional retaliation claim.
In Phillips v Bowen (supra at 109), the United States Court of Appeals for the Second Circuit stated that: “[a]dverse employment actions include discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand.”
The court then stated that “lesser actions [by an employer] may meet the adversity threshold,” although the court recognized that “[it had] not explicitly defined what quantum of lesser actions constitutes an adverse employment action.” (Id.) The court further recognized that while case precedent “allows a combination of seemingly minor incidents to form the basis of a constitutional retaliation claim once they reach critical mass,” there was a “need for plaintiffs to demonstrate a certain severity of harm so that minor incidents or changes in working conditions would not form the basis for a constitutional claim.” (Id.) The court ultimately held that:
“in order to prove a claim of First Amendment retaliation in a situation other than the classic examples of discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand, plaintiff must show that (1) using an objective standard; (2) the total circumstances of her working environment changed to become unreasonably inferior and adverse when compared to a typical or normal, not ideal or model, workplace.” (Id.)
The court went on to clarify that “[i]ncidents that are relatively minor and infrequent will not meet the standard, *646 but otherwise minor incidents that occur often and over a longer period of time may be actionable if they attain the critical mass of unreasonable inferiority.” (Id.)
In applying the standards enunciated in Phillips v Bowen to the instant case, the court finds that plaintiffs allegations fail to allege a claim that could meet these standards. In particular, plaintiffs allegations fail to assert in any manner that by objective standards, the total circumstances of her working environment changed to become unreasonably inferior and adverse when compared to a typical or normal workplace. In addition, the court finds that plaintiffs allegations, which the court must presume to be true and accord the benefit of every possible favorable inference, do not assert sufficient minor incidents that occurred often and over a long period of time in order to attain the necessary critical mass of unreasonable inferiority which would be actionable. In fact, the failure of plaintiff to allege with any specificity or detail which State defendants were involved in any incidents, what occurred or the date of any occurrence render the allegations conclusory and insufficient to indicate any frequent or pervasive adverse conduct by the State that could be construed as retaliation. Indeed, plaintiffs allegations by no means rise to the level of specific conduct, for example, which had been alleged in Phillips v Bowen, or Bernheim v Litt (79 F3d 318, 322, 324 [2d Cir 1996]), the only other case cited by plaintiff. Accordingly, the State’s motion to dismiss plaintiffs claim for retaliation under the First Amendment of the United States Constitution, 42 USC § 1983, and the New York State Constitution is dismissed for the failure to state a cause of action. (See Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Rovello v Orofino Realty Co., 40 NY2d 633 [1976]; Scott v Bell Atl. Corp., 282 AD2d 180 [1st Dept 2001]; Foley v D'Agostino, 21 AD2d 60 [1st Dept 1964].)
The court reaches a similar conclusion in regard to plaintiffs retaliation claim under Labor Law § 215. As the State points out, the only reported decisions concerning violations of Labor Law § 215 involve claims of improper discharge. Thus, there is no case precedent that aids the court in determining whether plaintiffs allegations are sufficient to sustain a claim under section 215 as a matter of law. As a result, the court must determine on its own whether plaintiffs allegations state a claim for retaliation.
In regard to the alleged fact that plaintiff was forbidden to talk to her coworkers about Baldowski and the conditions he allegedly created, the court finds that such allegation is clearly *647 insufficient to allege that plaintiff was either penalized or discriminated against by the State. As for plaintiffs allegations that she has been forced to work in a separate office area where she can still smell Baldowski and where she is subjected to embarrassment and humiliation because she is being singled out and isolated, such allegation cannot be viewed as retaliation where plaintiff alleged in her verified complaint that at one time she had been forced to work in the same small office as Baldowski and forced to inhale and smell him all day long and that she had on numerous occasions requested that the State either make Baldowski practice reasonable hygiene or place Baldowski or herself in an alternate work area. Rather than discriminating against plaintiff or penalizing her, placing plaintiff in a separate office area constitutes a reasonable response to plaintiffs own request. Finally, the allegation that plaintiff was given warning letters without any further detail is again insufficient to allege that plaintiff was either penalized or discriminated against by the State.
In short, the court finds that plaintiffs allegations do not rise to a level of conduct that a trier of fact could view as retaliation under Labor Law § 215 since plaintiff does not allege that the State’s actions adversely affected her employment in anyway. Therefore, the court finds that plaintiff has failed to state a cognizable cause of action for retaliation under Labor Law § 215. (See Guggenheimer v Ginzburg, supra; Rovello v Orofino Realty Co., supra; Scott v Bell Atl. Corp., supra; Foley v D'Agostino, supra.) Indeed, the court finds that plaintiff would not be entitled to a recovery upon any reasonable view of the stated facts. (Henbest & Morrisey v W.H. Ins. Agency, 259 AD2d 829, 830 [3d Dept 1999]; Polonetsky v Better Homes Depot, 185 Misc 2d 282, 284 [Sup Ct, NY County 2000].) Accordingly, the State’s motion to dismiss plaintiffs claim for retaliation under Labor Law § 215 is granted for the failure to state a cause of action.
To the extent that a differing mind could view plaintiffs allegations as stating a sufficient claim for retaliation under Labor Law § 215 or the First Amendment of the United States Constitution, 42 USC § 1983, and the New York State Constitution, the court notes that the State also moved in the alternative for partial summary judgment on such claims. In support of dismissal, the State submitted Jay Canetto’s affidavit and plaintiffs job performance evaluations which completely belie plaintiffs claims. First, Mr. Canetto attests to the fact that plaintiff has not been disciplined, punished, sanctioned, or *648 served with a notice of discipline since 1996 related to any matter. Next, not only is plaintiff’s job performance rated “satisfactory” in each evaluation, but plaintiff was also consistently praised for her job performance in several evaluations. In addition, plaintiff was given an opportunity to provide written comment after each evaluation. Plaintiff never indicated that she was being adversely treated by her supervisors. Instead, in response to her evaluation made .in 2001, plaintiff stated in relevant part that “I really do enjoy working in the mail room * * * ”
The court finds that such proof was sufficient to shift the burden to plaintiff to submit proof of her retaliation claims to raise triable issues of fact. (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985].) However, plaintiff submitted nothing other than a brief affidavit of her counsel. Therefore, the court finds that plaintiff failed to raise any triable issues of fact concerning her retaliation claims and that the State is alternatively entitled to summary judgment in its favor dismissing such claims. (Zuckerman v City of New York, 49 NY2d 557, 562 [1980].) As a result, the court dismisses plaintiffs 9th cause of action in its entirety.
In view of the foregoing, this action shall proceed only in regard to plaintiffs first cause of action against the State for assault and battery as it was not included for dismissal in the State’s motion.