GENERAL ELECTRIC CREDIT CORPORATION, Appellant, *v.* FRANK SALAMONE et al., Respondents.

Third Department, November 21, 1973.

*Lynn & Lynn, P. C. (Morton M. Z. Lynn* of counsel), for appellant.

*Frankel & Frankel (Samuel P. Frankel* of counsel), for respondents.

SWEENEY, J. This is an appeal from an order of the Supreme Court at Special Term, entered November 17, 1972 in Albany County, which vacated a judgment against defendant Patricia Salamone and stayed any proceedings to collect said judgment against her.

In this action brought to recover moneys due and owing for goods sold and delivered, plaintiff obtained a judgment in the amount of $2,134.98, including late charges and attorneys' fees. Plaintiff appeals from an order which granted defendant Patricia Salamone's motion to open her default and permit the service of an answer, leaving the judgment as security and vacating a garnishment against her wages. The action was commenced by personal service of a summons and complaint on defendants on September 29, 1969. On or about October 14, 1969 defendants appeared by an attorney who served an unverified answer on their behalf which was returned, and on October 21 defendants' attorney served a verified answer. Subsequently, a motion for summary judgment brought by plaintiff was granted, and on March 1, 1972, defendants' answer was stricken. Thereafter, an income execution was issued against defendant Patricia Salamone and voluntary payments on the execution were made for a short time by the State, her employer, on a biweekly arrangement. The defendant then moved to vacate the judgment and income execution, alleging that she was separated from her husband, defendant Frank Salamone, in 1968; that no summons

508

was ever served on her; that she knew nothing of the lawsuit until a garnishment was placed against her wages in September of 1972; that she never discussed the matter with the attorney who purportedly represented her in the action; and that she did not sign the note underlying the action, nor did she sign the alleged verified answer. This is substantiated by an affidavit of the attorney that he never had any contact with the defendant Patricia Salamone until September of 1972 when she called him about it and that through a mistake in his office the unverified answer, after being returned, was then typed out and a verification in type added, but there was no answer which was verified by defendant.

Plaintiff maintains on this appeal that the principle enunciated in *Brown* v. *Nichols* (42 N. Y. 26) controls. This contention is without merit. Although it was firmly established in that case that a judgment recovered against a defendant not served with process and with no knowledge of the suit, but for whom an attorney appeared without authority, cannot be collaterally attacked, the rule is not applicable in the instant case. Here the motion was made promptly, as soon as the facts were discovered by defendant, and in the very action in which the unauthorized appearance was put. That such a party could, upon direct application in the action itself, move to set aside the judgment, was clearly spelled out in the opinions rendered in the *Brown* case (42 N. Y. 26, 31, 32, 41). It is our opinion that, under the circumstances here presented, Special Term did not improvidently exercise its discretion and the order should be affirmed.

The order should be affirmed, with costs.

HERLIHY, P. J., STALEY, JR., COOKE and KANE, JJ., concur.

Order affirmed, with costs.