■ ELIZABETH S. ROBERTS, Appellant, v EMPIRE CITY MOTORS, INC., Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Dutchess County (Delaney, J.), dated September 8, 1981, which denied her motion to strike defendant's answer or compel discovery, and granted defendant's cross motion to compel plaintiff to submit to an examination before trial. Order modified, on the law, by deleting the provision which denied plaintiff's motion and substituting a provision granting plaintiff's motion to the extent of striking defendant's answer unless the defendant shall furnish plaintiff with copies of the requested insurance documents and pay to the attorneys for the plaintiff the sum of $250 because of its failure to respond to plaintiff's demand. As so modified, order affirmed, with $50 costs and disbursements payable to plaintiff. Defendant's time to furnish copies of the policies and to pay the $250 is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. Upon such compliance, the examination before trial of plaintiff may proceed at the place designated in the order under review, at a time to be fixed in a written notice of not less than 10 days, to be given by defendant, or at such other time and place as the parties may agree. Under the circumstances presented, plaintiff's motion should have been granted to the extent indicated. Damiani, J. P., Titone, Lazer and Gibbons, JJ., concur.

■ SIDNEY ROSENTHAL, Appellant, v GWEN B. ROSENTHAL, Respondent. — In a matrimonial action, plaintiff appeals from an order of the Supreme Court, Westchester County (Buell, J.), dated January 28, 1982, which denied his motion seeking the direction and assistance of the court with respect to fixing the terms and conditions of the sale of the former marital residence as provided for in the judgment of divorce and amended judgment of divorce. Order reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith. In view of the present proximity to the date fixed by Justice Walsh in his order dated January 30, 1978, for the sale of the former marital residence, and the apparent lack of agreement between the parties, we hold that judicial intervention to fix the terms and conditions of the court-ordered sale has now become appropriate. In so doing, Special Term may wish to consider the defendant's expressed desire to purchase the subject property, and grant her a specific period of time within which to act. Mollen, P. J., Gulotta, Brown and Niehoff, JJ., concur.