■ MELINDA GASTEIGER, Respondent, v ANTHONY GASTEIGER, Appellant. [732 NYS2d 300] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in modifying the terms of a judgment of divorce with respect to the equitable distribution of a bar unit located in the marital residence. By a stipulation that was incorporated but not merged in the judgment of divorce, the parties agreed that defendant would remove the bar unit prior to the sale of the marital residence. The prospective purchasers of the marital residence agreed to purchase the home without the bar unit. Prior to the closing on the sale of the marital residence, plaintiff moved by order to show cause for an order, *inter alia,* setting forth an acceptable method for removing the bar unit; the date by which the bar unit must be removed; and a determination of which party should bear the expense of the removal. In the alternative, plaintiff sought an order determining that the bar unit was part of the realty and would therefore be sold with the house. On the return date, the court asked the prospective purchasers, who were in the courtroom, what they would be willing to pay for the bar unit. They responded that they would pay $500. The court then determined that defendant had waived his right to the bar unit because of his failure to remove it from the marital residence and directed the prospective purchasers to pay defendant $500 for it. That was error. The court's inherent power to grant relief from its judgments or orders does not apply where, as here, there was no " 'mistake, inadvertence, surprise, or excusable neglect' " (*Ladd v Stevenson,* 112 NY 325, 332). Further, because a substantial right of defendant was affected, the court was not authorized pursuant to CPLR 5019 (a) to amend the judgment of divorce with respect to the equitable distribution of the bar unit (*cf., Berson v Berson,* 265 AD2d 439; *Rosenthal v Rosenthal,* 88 AD2d 974). Thus, we modify the order by vacating those portions determining that defendant waived his right to the equitable distribution of the bar unit; directing that the closing on the sale of the marital residence proceed without removal of the bar unit; and directing the purchasers of the marital residence to pay defendant $500. In light of our determination, defendant's remaining contention is moot. (Appeal from Order of Supreme Court, Cayuga County, Corning, J.—Matrimonial.) Present—Pine, J. P., Scudder, Burns, Gorski and Lawton, JJ.