Matter of City of Syracuse (Lee) (2018 NY Slip Op 05077)





Matter of City of Syracuse (Lee)


2018 NY Slip Op 05077


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


17 CA 17-01076

[*1]IN THE MATTER OF ARBITRATION BETWEEN CITY OF SYRACUSE, PETITIONER-RESPONDENT, AND KATHERINE LEE AND SYRACUSE POLICE BENEVOLENT ASSOCIATION, RESPONDENTS-APPELLANTS.






BOSMAN LAW FIRM, LLC, ROME (A.J. BOSMAN OF COUNSEL), FOR RESPONDENT-APPELLANT KATHERINE LEE. 
DEPERNO & KHANZADIAN, PC, NEW HARTFORD (KAREN KHANZADIAN OF COUNSEL), FOR RESPONDENT-APPELLANT SYRACUSE POLICE BENEVOLENT ASSOCIATION. 
COUGHLIN & GERHART, LLP, BINGHAMTON (PAUL J. SWEENEY OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeals from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered August 1, 2016 in a proceeding pursuant to CPLR article 75. The order, insofar as appealed from, vacated and held in abeyance the court's order and judgment of December 24, 2014 and denied the cross motion of respondent Katherine Lee to dismiss the petition. 
It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs, the second ordering paragraph is vacated, the cross motion is granted and the petition against respondent Katherine Lee is dismissed.
Memorandum: Respondents, Katherine Lee and Syracuse Police Benevolent Association (hereinafter, Union), separately appeal from an order that, inter alia, vacated an order and judgment granting the petition of petitioner, City of Syracuse (City), to confirm an arbitration award, and denied Lee's cross motion to dismiss the petition against her. The arbitration proceeding arises out of a dispute between the City and respondents concerning General Municipal Law § 207-c benefits received by Lee, a former City police officer who was injured in the line of duty.
After the designee of the Chief of Police directed Lee to return to work and refused to authorize payment for Lee's continued treatment, Lee appealed the directive pursuant to the "General Municipal Law § 207-c Policy" (Policy) negotiated by the City and the Union. The Policy provides, inter alia, that an officer may seek review, by arbitration, of a determination with respect to General Municipal Law § 207-c benefits. The Policy further provides that an officer shall not be required to return to work and shall continue to receive his or her prior benefits during the review process but, "[i]n the event that the Chief's determination is sustained, the Officer must reimburse the City for the value of benefits received during the pendancy [sic] of the review process."
Under the Policy, "[a]ny Officer . . . shall have a right to a representative of his or her choosing, and at his or her own cost, at any stage of this procedure, and shall be given a reasonable opportunity to . . . obtain a representative and/or counsel." Lee exercised that right and retained an attorney to represent her in the arbitration conducted before arbitrator Michael S. Lewandowski. Consistent with the standard of review set forth in the Policy, the arbitrator concluded that Lee "failed to prove that the City acted arbitrarily [or] capriciously or that the [*2]City's determination was affected by an error of law when it determined to discontinue [Lee's] 207-c benefits."
The City thereafter requested that the arbitrator modify the award to allow the City to recoup wages paid to Lee during the pendency of the arbitral review. Lee's attorney and the Union's attorney objected to the City's request. The Union's attorney stated that the Union never agreed to include wages in the "value of benefits" subject to reimbursement to the City under the Policy. Inasmuch as the interpretation of that language of the Policy was not previously raised in the arbitration before him, Lewandowski declined to resolve the parties' disagreement, and the City initiated a second arbitration proceeding before arbitrator Thomas N. Rinaldo to resolve the issue whether the "value of benefits" subject to reimbursement under the Policy includes wages. The City and the Union appeared and were represented by counsel at the arbitration hearing, but neither Lee nor her attorney appeared at the hearing. Rinaldo agreed with the City's position that wages are included in the "value of benefits" for purposes of reimbursement under the Policy.
The City forwarded to Lewandowski a copy of Rinaldo's award, and asked Lewandowski to direct Lee to reimburse the City in the amount of $71,436.44. Lewandowski responded by letter stating that the City was "free to seek reimbursement of wages . . . by whatever means it finds available to it."
The City thereafter commenced a proceeding pursuant to CPLR 7510 to confirm Lewandowski's award, naming both Lee and the Union as respondents. The Union, "on behalf of Katherine Lee," interposed an answer. It is undisputed that Lee was not served with the petition, and neither she nor her attorney participated in the proceeding. Supreme Court granted the petition and confirmed the arbitration award in an order and judgment entered December 24, 2014. By letter dated May 28, 2015, the City asked Lewandowski to make a supplemental award or determination that Lee must reimburse the City $71,436.44 plus interest. Lewandowski declined to do so, concluding that he lacked authority in the matter.
On December 3, 2015, the City moved to resettle the December 24, 2014 order and judgment pursuant to CPLR 5019 (a) and requested that the court amend its order and judgment to reference a sum certain, i.e., $71,436.44. The Union opposed the motion, and Lee cross-moved to dismiss the petition against her for lack of personal jurisdiction.
The court denied the City's motion to resettle the prior order and judgment, concluding that resettlement was not appropriate because the amount of wages subject to reimbursement was not a ministerial matter. The court further concluded, however, that it had inherent authority to vacate the order and judgment in the interest of justice, and it held the order and judgment in abeyance pending a decision by Lewandowski on the amount that the City is entitled to recoup from Lee. The court denied Lee's cross motion to dismiss the petition against her.
We conclude that the court erred in denying the cross motion. Lee established that the court failed to acquire personal jurisdiction over her in the proceeding to confirm the arbitration award by Lewandowski because the City never properly served her (see generally Matter of Country Wide Ins. Co. v Polednak, 114 AD2d 754, 754 [1st Dept 1985]). Nor did the court acquire personal jurisdiction over Lee by the unauthorized appearance of the Union's attorney "on behalf of Katherine Lee." Contrary to the City's contention, there is no evidence that Lee expressly or implicitly authorized the Union's attorney to represent her at any stage of the proceedings. We note, moreover, that Lee did not collaterally challenge an order after the proceedings had concluded, but rather "the [cross] motion was made promptly, as soon as the facts were discovered by [Lee], in the very [proceeding] in which the unauthorized appearance" was made by the Union's attorney (General Elec. Credit Corp. v Salamone, 42 AD2d 506, 508 [3d Dept 1973]; cf. Brown v Nichols, 42 NY 26, 30-31 [1870]). We therefore reverse the order insofar as appealed from, and grant the cross motion and dismiss the petition against Lee for lack of personal jurisdiction.
In concluding that the appearance of the Union's attorney did not confer jurisdiction over Lee, we acknowledge the general rule that an employee has no individual right to enforce a contract between the employee's employer and union (see Berlyn v Board of Educ. of E. Meadow Union Free Sch. Dist., 80 AD2d 572, 573 [2d Dept 1981], affd 55 NY2d 912 [1982]; Parker v Borock, 5 NY2d 156, 161 [1959]). There are, however, exceptions to that rule, and one of those [*3]exceptions applies in the circumstances herein inasmuch as "the contract provides otherwise" (Matter of Board of Educ., Commack Union Free Sch. Dist. v Ambach, 70 NY2d 501, 508 [1987], cert denied sub nom. Margolin v Board of Educ., Commack Union Free Sch. Dist., 485 US 1034 [1988]; see Buff v Village of Manlius, 115 AD3d 1156, 1157 [4th Dept 2014]). Here, the Policy explicitly provides Union members with the rights "to compel a review of the Chief's determination" and to have counsel or another representative "at any stage of the procedure." Lee availed herself of those rights from the outset of the arbitration and, to the extent that the Union's attorney acted on Lee's behalf during that part of the proceeding that was before arbitrator Rinaldo, that attorney was not the "representative of . . . [Lee's] choosing" contemplated by the Policy. In any event, while the Union represented all of its members with respect to the proper interpretation of the "value of benefits" to be reimbursed under the Policy, it was Lee alone who would be affected by, and thus entitled to litigate, the amount to be reimbursed to the City.
We further conclude that the court erred in sua sponte vacating its prior order and judgment, which confirmed the arbitration award by Lewandowski, and directing further arbitration. We therefore vacate the second ordering paragraph of the order on appeal. A court has authority to "vacate its own judgment for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; see Ruben v American & Foreign Ins. Co., 185 AD2d 63, 67 [4th Dept 1992]). That authority, however, is not unlimited (see Quinn v Guerra, 26 AD3d 872, 873 [4th Dept 2006], appeal dismissed 7 NY3d 741 [2006]). "A court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [1984] [internal quotation marks omitted]), none of which is present here (see id.; Gasteiger v Gasteiger, 288 AD2d 881, 881 [4th Dept 2001]).
In vacating the order and judgment, moreover, the court "exceeded the narrow bounds within which courts are authorized to alter [arbitration] awards" (McKenna, 61 NY2d at 742). None of the bases in CPLR 7511 (b) or (c) for vacating or modifying an arbitration award applies to the arbitrator's failure to award the City a specific dollar amount for the value of benefits received by Lee, and the court had no power to disturb the award apart from the grounds set forth in those subdivisions (see Matter of Professional, Clerical, Tech., Empls. Assn. [Board of Educ. for Buffalo City Sch. Dist.], 103 AD3d 1120, 1121 [4th Dept 2013], lv denied 21 NY3d 863 [2013]). In addition, the court erred in granting relief to the City inasmuch as the City's motion was made beyond the time limits for seeking relief from the award (see CPLR 7511 [a]).
We have considered the remaining issues raised by the parties and conclude that they are lacking in merit.
All concur except Nemoyer, J., who dissents in part and votes to modify in accordance with the following memorandum: Although I agree with the majority that Supreme Court lacked authority to sua sponte vacate its December 24, 2014 order and judgment, I respectfully disagree with the majority's decision to grant respondent Katherine Lee's cross motion to dismiss the CPLR article 75 petition against her for lack of personal jurisdiction. I therefore dissent in part and vote to modify the order on appeal solely by vacating the second ordering paragraph thereof. As so modified, I would affirm.
In his April 6, 2012 award, arbitrator Lewandowski found that Lee failed to prove that petitioner City of Syracuse (City) acted arbitrarily or capriciously, or that the City's decision to discontinue Lee's General Municipal Law § 207-c benefits was affected by an error of law. Thereafter, the City asked Lewandowski to modify the award and allow it to recoup the wages paid to Lee in accordance with section 10 of the "General Municipal Law § 207-c Policy" (Policy), which provided that, "[i]n the event the chief's determination is sustained, the Officer must reimburse the City for the value of benefits received during the pendancy [sic] of the review process" with such reimbursement to "be effected in a manner to be determined by the arbitrator." Lee's attorney objected to the City's requested modification. Respondent Syracuse Police Benevolent Association (Union) likewise argued that, contrary to the City's position, "[u]nder no circumstances did [it] ever agree to include wages in the phrase value of benefits' subject to reimbursement" under the Policy.
Lewandowski declined to address the City's request, and a second arbitrator (Rinaldo) conducted proceedings to determine whether the "value of benefits" language under section 10 of the Policy included wages. The majority correctly notes that the City and the Union appeared before Rinaldo and were represented by counsel, but I believe that the majority incorrectly finds that neither Lee nor her attorney appeared before Rinaldo.
The sole issue before Rinaldo was the interpretation of the term "value of benefits." The Union appeared on behalf of all of its members, including Lee, and asserted the Union's position. Lee had no argument or rights separate and distinct from any other Union member. Rinaldo's determination that wages were included in "value of benefits" for purposes of reimbursement under the policy was binding on Lee, just as it would be on any individual Union member. As the majority acknowledges, the general rule is that "an employee has no individual right to enforce a contract between the employee's employer and union" (see Berlyn v Board of Educ. of E. Meadow Union Free Sch. Dist., 80 AD2d 572, 573 [2d Dept 1981], affd 55 NY2d 912 [1982]; Parker v Borock, 5 NY2d 156, 161 [1959]). No one can assert, and no one does, that Lee would be entitled to a different interpretation of the phrase "value of benefits" than any other member of the Union.
The majority notes that an exception to the general rule exists when the contract provides otherwise and that, under the Policy, Lee was entitled to representation of her choice at every stage of the proceeding. Thus, the majority concludes that Lee's purported handwritten letter of April 18, 2015 effectively raised, for the first time, a claim that she never authorized the Union's attorney to represent her either before Rinaldo or before Supreme Court in connection with the City's CPLR article 75 confirmation proceeding. However, this position is certainly belied by her actions, or lack thereof.
In a May 15, 2012 letter from the Union to Rinaldo agreeing to arbitrate the "value of benefits" issue, the Union appeared "o/b/o," i.e., "on behalf of," "Officer Katherine Lee." The letter copied Lee and A.J. Bosman, Esq., Lee's attorney in the earlier arbitral proceeding before Lewandowski. After Rinaldo's decision, the Union wrote a letter to Lewandowski which argued that, "On behalf of Kathy Lee, the [Union] seeks a hearing to determine what if anything, is lawfully available to the City for recoupment, and/or whether under the circumstances of this case (in particular the City's unclean hands) the arbitrator should/could order recoupment at all, inasmuch as it was the City that forced her to retire" (emphasis added). Again, copies of that letter were sent to Lee and Bosman. Finally, when the City commenced the instant proceeding to confirm Lewandowski's award, the Union opposed the City's petition with an answer, objections, and points of law "on behalf of Katherine Lee."
Lee has never contended that she was unaware of the Rinaldo arbitration or of the City's article 75 confirmation proceeding. Nor did Lee or Bosman ever attempt, over an almost three-year period, to apprise the arbitrators, Supreme Court, or the Union's attorney of Lee's newfound claim that she had never authorized the Union's counsel to represent her interests—which, after Lewandowski's initial award, were identical to the Union's positions. Indeed, Lee does not identify any theory or argument that she could have or would have advanced on her behalf, before either Rinaldo or Supreme Court, that the Union's attorney did not advance on her behalf.
I therefore believe that there can be no question that Lee was represented by the counsel of her choice at each and every stage of this proceeding, to wit, the Union's attorney. As such, Supreme Court correctly found that it had acquired personal jurisdiction over Lee by virtue of that attorney's appearance on her behalf in the City's article 75 confirmation proceeding (see Wilmington Sav. Fund Socy., FSB v Zimmerman, 157 AD3d 846, 847 [2d Dept 2018], lv dismissed — NY3d &mdash, 2018 NY Slip Op 76153 [2018]). I therefore dissent from so much of the majority's memorandum as grants Lee's cross motion to dismiss the City's article 75 confirmation petition against her for lack of personal jurisdiction.
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court