■ In the Matter of MONICA ALBALA et al., Appellants, v COUNTY OF NASSAU et al., Respondents, and NEW YORK STATE DEPARTMENT OF CIVIL SERVICE, Respondent. [705 NYS2d 615] —In a hybrid proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Nassau County Office of Labor Relations dated April 3, 1998, which, after a hearing, denied the petitioners' request to administer a new promotional examination for the position of Museum Curator II, and an action, in effect, to recover damages for breach of contract, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Schmidt, J.), dated November 17, 1998, as dismissed the action and proceeding insofar as asserted against the respondents Nassau County and Nassau County Civil Service Commission.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The determination of the Nassau County Office of Labor Relations was not arbitrary or capricious since it was rationally based on the facts before it (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). Further, the petitioners may not maintain an action to recover damages for breach of contract. The individual members of the Civil Service Employees Association (hereinafter CSEA) lack the capacity to maintain a lawsuit. A union member has no individual rights under a collective bargaining agreement which he or she can enforce against his employer (*see, Berlyn v Board of Educ.,* 80 AD2d 572, *affd* 55 NY2d 912; *see, e.g., Matter of Soto,* 7 NY2d 397). Moreover, failure of the CSEA to avail itself of the remedy provided by the collective bargaining agreement precludes judicial review under the rule which requires the exhaustion of administrative remedies (*see, Aloi v Board of Educ.,* 81 AD2d 874; *Lewis v Macchiarola,* 73 AD2d 663, *affd* 53 NY2d 629). O'Brien, J. P., Ritter, Sullivan and Smith, JJ., concur.