■ In the Matter of STEVEN H. JASSER, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [909 NYS2d 736]—In a proceeding pursuant to CPLR article 78 to vacate a determination of a master arbitrator dated April 15, 2009, which, inter alia, vacated the award of an arbitrator, dated November 24, 2008, and remitted the matter for a new hearing before a different arbitrator to hear and determine whether the respondent complied with applicable regulations and timely issued its denial of the petitioner's claim, in which the respondent cross-

petitioned to confirm the master arbitrator's determination, the petitioner appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), dated October 26, 2009, which denied the petition, granted the cross petition, confirmed the master arbitrator's determination, and denied, as academic, the respondent's motion to dismiss the petition.

Ordered that, pursuant to CPLR 103 (c), the matter is converted into a proceeding pursuant to CPLR article 75; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Preliminarily, the petitioner's claims are more appropriately reviewed in a proceeding pursuant to CPLR article 75. "[A]ppellate courts are empowered to convert a civil proceeding into one which is proper in form under CPLR 103 (c), making whatever order is necessary" (*People ex rel. Brown v New York State Div. of Parole,* 70 NY2d 391, 398 [1987]). Therefore, we convert this matter into a proceeding pursuant to CPLR article 75.

"The master arbitrator's role is to review the arbitrator's determination to assure that it was reached in a rational manner and that the decision was not arbitrary and capricious" (*Matter of Allstate Ins. Co. v Keegan,* 201 AD2d 724, 725 [1994]). "It does not include the power to review, de novo, the matter originally presented to the arbitrator" (*id.*). "A master arbitrator exceeds his [or her] statutory power by making his [or her] own factual determination, by reviewing factual and procedural errors committed during the course of the arbitration, by weighing the evidence, or by resolving issues such as the credibility of the witnesses" (*id.*).

Here, contrary to the petitioner's contention, the master arbitrator did not exceed his authority in vacating the original arbitrator's award and remitting the matter for a new hearing before a different arbitrator. Accordingly, the Supreme Court properly denied the petition, granted the cross petition, confirmed the master arbitrator's determination, and denied, as academic, the motion of the respondent to dismiss the petition.

The respondent's remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Dickerson, Eng and Austin, JJ., concur.