Matter of Bay Needle Care Acupuncture v Country-Wide Ins. Co. (2019 NY Slip Op 07249)





Matter of Bay Needle Care Acupuncture v Country-Wide Ins. Co.


2019 NY Slip Op 07249


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-03473
 (Index No. 9580/14)

[*1]In the Matter of Bay Needle Care Acupuncture, etc., respondent, 
v
Country-Wide Ins. Co., appellant.


Jaffe & Koumourdas, LLP (Thomas Torto, New York, NY, of counsel), for appellant.
Gary Tsirelman, P.C., Brooklyn, NY (Stefan Belinfanti and David M. Gottlieb of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an award of a master arbitrator dated March 18, 2014, Country-Wide Ins. Co. appeals from a judgment of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated July 31, 2015. The judgment, upon an order of the same court dated April 2, 2015, granting the petition, vacating the master arbitrator's award dated March 18, 2014, and confirming the original arbitrator's award dated December 13, 2013, is in favor of the petitioner and against Country-Wide Ins. Co. in the total sum of $1,318.91.
ORDERED that the judgment is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of an additional attorney's fee to be awarded to the petitioner pursuant to Insurance Department Regulations (see 11 NYCRR 65-4.10[j][4]).
Bay Needle Care Acupuncture (hereinafter Bay Needle) is the assignee of a claim for no-fault benefits for treatment it rendered to Kareem Edgar. The carrier, Country-Wide Ins. Co. (hereinafter Country-Wide), denied the claim, and Bay Needle submitted the claim to arbitration. As relevant to this appeal, the arbitrator rejected Country-Wide's contention that Bay Needle was fraudulently incorporated (see State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313; Andrew Carothers, M.D., P.C. v Progressive Ins. Co., 150 AD3d 192, affd 33 NY3d 389). The arbitrator stated that he found "no reasonable or credible evidence" establishing the defense, and he found in favor of Bay Needle. On Country-Wide's appeal, a master arbitrator vacated the original arbitrator's award and remitted the matter for a new hearing before a new arbitrator. The master arbitrator stated that the evidence of fraudulent incorporation presented by Country-Wide "was substantial." Bay Needle commenced this proceeding pursuant to CPLR article 75 to vacate the master arbitrator's award. The Supreme Court granted the petition, vacated the master arbitrator's award, confirmed the original arbitrator's award in favor of Bay Needle, and entered a judgment accordingly. Country-Wide appeals.
We agree with the Supreme Court that the master arbitrator exceeded his power in vacating the original arbitrator's award after, in effect, weighing the evidence and coming to a different conclusion than the original arbitrator as to what that evidence proved (see Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 212). As such, we agree with the court's determination [*2]to vacate the master arbitrator's award and to confirm the original arbitrator's award in favor of Bay Needle (see Matter of Jordan v Liberty Mut. Fire Ins. Co., 309 AD2d 803, 804; cf. Matter of Jasser v Allstate Ins. Co., 77 AD3d 751, 752).
Moreover, as Bay Needle contends and Country-Wide concedes, Bay Needle is entitled to an attorney's fee for this appeal pursuant to 11 NYCRR 65-4.10(j), to be fixed by the Supreme Court (see Matter of Country-Wide Ins. Co. v Bay Needle Acupuncture, P.C., 167 AD3d 404, 405; Matter of Country-Wide Ins. Co. v Bay Needle Care Acupuncture, P.C., 162 AD3d 407, 408; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 706). The matter is therefore remitted to the Supreme Court, Kings County, for that purpose.
BALKIN, J.P., ROMAN, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court