Matter of Baksh v New York Racing Assn., Inc. (2024 NY Slip Op 01302)

Matter of Baksh v New York Racing Assn., Inc.

2024 NY Slip Op 01302

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2023-00337
 (Index No. 609437/22)

[*1]In the Matter of Haroon Baksh, appellant,
v
New York Racing Association, Inc., respondent.

Leila Rose-Gordon, Elmont, NY (Harold Pokel of counsel), for appellant.
Raúl García, Jamaica, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to vacate an arbitration determination dated June 9, 2022, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Christopher G. Quinn, J.), dated December 7, 2022. The order and judgment, among other things, denied the petition and dismissed the proceeding.
ORDERED that on the Court's own motion, the proceeding is converted into a proceeding pursuant to CPLR article 75 (see CPLR 103[c]); and it is further,
ORDERED that the order and judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The petitioner was employed by the respondent as a parking attendant. After the respondent terminated the petitioner's employment, the petitioner's union presented the respondent with a grievance pursuant to the collective bargaining agreement between the union and the respondent. After the union and the respondent were unable to resolve the grievance, the union sought arbitration pursuant to the collective bargaining agreement. The arbitrator upheld the termination of the petitioner's employment. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to vacate the arbitration determination. In an order and judgment dated December 7, 2022, the Supreme Court, among other things, denied the petition and dismissed the proceeding.
Initially, the proper proceeding for the petitioner to seek review of the arbitration determination is a proceeding pursuant to CPLR article 75 (see Matter of Jasser v Allstate Ins. Co., 77 AD3d 751, 752; Matter of Rodriguez v New York City Tr. Auth., 269 AD2d 600, 600-601). "[A]ppellate courts are empowered to convert a civil proceeding into one which is proper in form under CPLR 103(c), making whatever order is necessary" (Matter of Jasser v Allstate Ins. Co., 77 AD3d at 752 [internal quotation marks omitted]). Thus, we convert this proceeding into a proceeding pursuant to CPLR article 75.
Nevertheless, as the petitioner was not a party to the subject collective bargaining agreement or the subject arbitration, he lacks standing to seek vacatur of the arbitration [*2]determination (see Chupka v Lorenz-Schneider Co., 12 NY2d 1, 6; Matter of Grant v Brooklyn Hosp. Ctr., 98 AD3d 617; Matter of Gonzalez v City of Peekskill, 284 AD2d 463; Matter of Wilson v Board of Educ. of City of N.Y., 261 AD2d 409). The parties' remaining contentions are academic in view of the foregoing.
Accordingly, the Supreme Court properly, inter alia, denied the petition and dismissed the proceeding.
LASALLE, P.J., CONNOLLY, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court