Matter of Masciarelli v New York City Dept. of Educ. (2025 NY Slip Op 03574)

Matter of Masciarelli v New York City Dept. of Educ.

2025 NY Slip Op 03574

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-07181
 (Index No. 726150/22)

[*1]In the Matter of Lorraine Masciarelli, appellant,
v
New York City Department of Education, respondent.

Scher Law Firm, LLP, Garden City, NY (Austin Graff of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Richard Dearing, Claude S. Platton, and Chloé K. Moon of counsel), for respondent.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Karina E. Alomar, J.), entered May 30, 2023. The order and judgment granted the respondent/defendant's cross-motion pursuant to CPLR 3211(a) and 7804(f) and to dismiss the petition/complaint and dismissed the proceeding/action.
ORDERED that on the Court's own motion so much of the proceeding/action as seeks review of an arbitration award is converted into a proceeding pursuant to CPLR article 75 (see CPLR 103[c]; and it is further,
ORDERED that the order and judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent/defendant.
In August 2021, the Commissioner of the New York City Department of Health and Mental Hygiene issued an order (hereinafter the vaccine mandate) requiring, among others, employees of the respondent/defendant, New York City Department of Education (hereinafter the DOE), to be vaccinated against COVID-19 and provide proof of such vaccination. In September 2021, following arbitration between the DOE and the United Federation of Teachers (hereinafter the UFT), the union representing a majority of teachers in New York City public schools, over implementation of the vaccine mandate, the arbitrator issued an award (hereinafter the Impact Award) which established a process for the implementation of the vaccine mandate. The Impact Award provided, among other things, that "[a]ny unvaccinated employee who has not requested an exemption . . . , or who has requested an exemption which has been denied, may be placed by the DOE on leave without pay," "[e]mployees who become vaccinated while on such leave without pay and provide appropriate documentation . . . prior to November 30, 2021, shall have a right of return to the same school," and "[b]eginning December 1, 2021, the DOE shall seek to unilaterally separate" such employees who remained on leave without pay.
On October 4, 2021, the petitioner/plaintiff (hereinafter the petitioner), a tenured teacher employed by the DOE, was placed on leave without pay after failing to submit proof of [*2]vaccination by the deadline. On September 5, 2022, the DOE terminated the petitioner's employment. The petitioner then commenced this hybrid proceeding pursuant to CPLR article 78 to review the Impact Award, alleging that it was issued in violation of Civil Service Law § 209(3)(f), and to annul the DOE's determination to terminate her employment on the ground that it was arbitrary and capricious, and action, inter alia, to recover damages for breach of contract and for declaratory relief. The DOE cross-moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint. In an order and judgment (one paper) entered May 30, 2023, the Supreme Court granted the DOE's cross-motion and dismissed the proceeding/action. The petitioner appeals.
Initially, so much of the petition/complaint as seeks review of the Impact Award should have been denominated a CPLR article 75 proceeding (see Matter of Dye v New York City Tr. Auth., 57 NY2d 917, 920; Matter of Baksh v New York Racing Assn., Inc., 225 AD3d 689, 690). As "'[a]ppellate courts are empowered to convert a civil proceeding into one which is proper in form under CPLR 103(c), making whatever order is necessary'" (Matter of Baksh v New York Racing Assn., Inc., 225 AD3d at 690, quoting Matter of Jasser v Allstate Ins. Co., 77 AD3d 751, 752), we convert so much of the proceeding/action as seeks review of the Impact Award into a proceeding pursuant to CPLR article 75. However, since the petitioner was not a party to the arbitration between the DOE and the UFT, she does not have standing to seek review of the Impact Award (see CPLR 7511; Matter of O'Reilly v Board of Education, 42 NY3d 986, 991; Matter of Soto [Goldman], 7 NY2d 397, 399; Matter of Baksh v New York Racing Assn., Inc., 225 AD3d at 690).
To the extent the petitioner has standing to challenge the Impact Award on the ground that it violated the hearing procedures outlined in Education Law §§ 3020 and 3020-a, the petitioner's argument is without merit. The petitioner was not entitled to the hearing procedures outlined in Education Law §§ 3020 and 3020-a before being terminated for failure to comply with the vaccine mandate, because the mandate is a condition of employment (see Matter of O'Reilly v Board of Education, 42 NY3d at 990).
Moreover, the petitioner's cause of action to recover damages for breach of contract, arising from a collective bargaining agreement between the DOE and the UFT, was properly dismissed. "A union member generally has no individual rights under a collective bargaining agreement which he or she can enforce against an employer" (Hickey v Hempstead Union Free Sch. Dist., 36 AD3d 760, 761; see Matter of Albala v County of Nassau, 270 AD2d 482, 483).
The petitioner's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the DOE's cross-motion and dismissed the proceeding/action.
DUFFY, J.P., MILLER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court